## W. F. SIMONTON v. ST. LOUIS TRANSIT COMPANY, Appellant.

### Division Two, December 10, 1907.

**NEGLIGENCE:** Riding on Inner Footboard: Instruction: New Trial. Plaintiff was riding on the inner footboard of a street car, and the arm or elbow of a passenger riding on the inner footboard on a car going in the opposite direction on the other track came in contact with him and both were knocked off. There was evidence that the footboards extended a foot from the cars, and that there was a space of about a foot between them, and there was substantial evidence on defendant's part tending to show that both plaintiff and the other passenger were leaning out over the footboards towards each other and to establish defendant's plea of contributory negligence that plaintiff's injuries were the result of a lack of proper care and caution on his part. *Held*, that it was not error to give defendant's instruction that it was plaintiff's duty "to exercise such degree of care as the position he was in rendered reasonably necessary to prevent his being struck by passengers on the car passing on the other track; and if the jury believe from the evidence that plaintiff, while upon such footboard, could, by standing upright thereon, and not leaning outwardly towards the cars on the other track, have avoided being struck by a passenger on the passing car, and that he failed to maintain such upright position and in consequence of such failure was struck and injured," etc., and the giving of that instruction being the only ground assigned by the trial court for setting aside a verdict for defendant, and the record failing to disclose any other ground, it was error to grant plaintiff a new trial.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan*, Judge.

REVERSED (*with directions*).

*Boyle & Priest, Morton Jourdan* and *Edward T. Miller* for appellant.

(1) The court erred in sustaining plaintiff's motion for a new trial, as defendant's instruction 5 properly declared the law. It correctly stated plaintiff's duty while on the inner footboard of the car. Allen v.

Railroad, 183 Mo. 411; Ashbrook v. Railroad, 18 Mo. App. 290; Nugent v. Railroad, 73 Conn. 139; Flynn v. Railroad, 65 N. J. Law 546; Moylan v. Railroad, 128 N. Y. 583; Moody v. Railroad, 65 N. E. 29; Nellis, Street Railway Accident Law, p. 131.   (2)   The court erred in sustaining plaintiff's motion for a new trial as upon the entire record the verdict should have been for defendant.   Moore v. Railroad, 176 Mo. 528; Markowitz v. Railroad, 186 Mo. 350; Ashbrook v. Railroad, 18 Mo. App. 290; Nugent v. Railroad, 73 Conn. 139; Flynn v. Railroad, 65 N. J. Law 546; Craighead v. Railroad, 123 N. Y. 391.   (a)   There was no evidence that defendant was negligent in the manner specified, and plaintiff is confined to the particular negligence charged.   (b)   Plaintiff's injuries resulted solely from his own negligence.

FOX, P. J.—This cause is here by appeal on the part of the defendant from an order in the circuit court of the city of St. Louis awarding the plaintiff in this cause a new trial.   This was an action for personal injuries, in which the amount of damages was laid at ten thousand dollars.   The issues presented in this cause were substantially as follows:

The petition alleges that on June 17, 1903, defendant received plaintiff as a passenger on an east-bound Olive street car, gave him a transfer to the Jefferson avenue line and received him as a passenger on one of its north-bound cars of the latter line at the place where passengers were usually received; that the car being crowded plaintiff was invited to ride, and did ride, on the running-board of said car; that while he was thus riding, near the intersection of Olive street and Jefferson avenue, he was struck and knocked from the car, crushed and dragged by the south-bound car and its passengers and was thereby injured.   Negligence was charged as follows:   "And the plaintiff avers that he

was caused to be so struck and injured, first because defendant's track, at and near where injury was so sustained, was in a defective and insecure condition. That at said place, which was just south of Olive street, the track was worn loose and defective, the joints of the rails of said north-bound track were separated and too low and caused the car to jolt and sway, so as to bring passengers riding on said foot board into contact with passengers on the foot board of the south-bound car, and as the car on which the plaintiff was such passenger, was passing a south-bound car of the defendant at said point owing to said defects of said track said car was caused by said defective condition of said track to sustain jolts and jerks, to sway laterally and plaintiff's body to be brought into contact with the body of another passenger on defendant's south-bound car, and he was thereby caused to fall from said car and sustain injuries as aforesaid.

"And plaintiff further avers that defendant's tracks at said point were constructed so near to each other as to make it dangerous for persons riding as passengers upon the running-boards of passing cars, and that the defendant was, and its agents and servants in charge of said car were, negligent in failing to warn plaintiff of said danger, and thereby directly contributed to cause plaintiff's said injuries."

The answer was a general denial, and contributory negligence pleaded as follows: "For further answer and defense, defendant says that plaintiff's alleged injuries were caused by his own negligence in standing upon the inner foot board of the car upon which he was riding, in a position then known to plaintiff to be attended by the danger of being struck and injured when said car should be passing a south-bound car on said Jefferson avenue, and while plaintiff was in such position he was struck and injured when passing such south-bound car."

The reply was a general denial.

Upon the trial of the cause plaintiff's evidence tended to prove that at the time he was injured, to-wit, on June 17, 1903, he was employed as a painter on Berlin avenue in the city of St. Louis. At that place he boarded an east-bound Olive street car, paid his fare and received a transfer to the Jefferson avenue line at its intersection with the Olive street line. Defendant operated cars over double tracks on Jefferson avenue and Olive street, the west-bound Olive cars using the north track, the east-bound the south track, and the north-bound Jefferson cars using the east track, and the south-bound the west track. Late in the afternoon there was much traffic at the intersection of these streets, and persons frequently boarded north-bound Jefferson avenue cars, and were received as passengers, on the south side of Olive street rather than at the proper place on the northeast corner. Plaintiff alighted from the east-bound Olive car on the west side of Jefferson avenue at about five-thirty in the afternoon, waited for a south-bound Jefferson car to pass, and walked to the north-bound Jefferson car, then stationary, about forty feet south of Olive. He took a position about ten feet from the rear end of the car on the west or inner running-board, which extended the entire length of the car. There were three or four other persons on this running-board, all of whom were north of him nearer the front of the car, and the seats in the car as well as the outer running-board were crowded. When plaintiff was struck he was standing on the running board holding to the back of a seat, with the portion of his body above the hips leaning in towards the seats in the car. When his car started he saw the south-bound car approaching, and there was a passenger, Ellerman, on its inner running-board near the rear end. When the north-bound car had traveled about twenty-

five or thirty feet plaintiff and Ellerman came in collision with each other, Ellerman's elbow or arm striking plaintiff in the breast, and plaintiff was rolled for about fifteen feet between the cars, and fell to the ground when the cars had entirely passed each other. Ellerman testified that he boarded the south-bound car while it was north of Olive street and stood on the east or inner running-board about the center of the car. He was facing south but turned his face toward the car to see if there were any vacant seats. As his car was crossing Olive street he looked south, saw the north-bound car approaching, and thereupon leaned in toward the car as much as the seated passengers would permit in order not to be struck as the cars passed. He did not see anyone on the north-bound car's running-board and did not know what struck him or what he struck. The cars were simply moving forward pretty close to each other, and he did not observe that either of them had any other than a forward motion or movement.

On the day following the accident A. G. Torrence, an insurance agent, who had been employed by plaintiff to effect a settlement with defendant, went to the scene of the accident, and gave the following testimony over defendant's objection as to what he saw there: There is a joint in each one of these various Olive and Jefferson tracks, four or five feet from the actual point of intersection, and from each of these joints is a short rail laid almost at right angles to the nearest intersecting rail. These joints south of the Olive street track appeared to be loose where the wheels had apparently battered the rail down in passing. He saw single-truck cars, that is, cars with four wheels under the center, pass this point, and when the two front wheels would reach the joint the front of the car would tip, and when the two rear wheels would reach the joint the rear of the car would tip, thereby producing a rocking mo-

tion.   The short rails before mentioned were out of alignment in that they did not strike the Olive track exactly at right angles, giving the single-truck cars also a lateral motion.   The running-boards on the cars that he saw extended about a foot from the car, and the two inner running-boards of passing cars came within about a foot of touching each other, and this was the nearest point of approach of the cars that he saw.

Defendant's evidence tended to prove that about the year 1900 the city established a regular grade for Jefferson avenue, embracing its intersection with Olive street, and the tracks were laid to the new grade at the direction and under the supervision of the city.   The city also prescribed the line, height and manner of constructing the tracks, and they were laid in conformity to the city's specifications, including the slight deflection in the line of the Jefferson tracks at their intersection with the Olive tracks.   This was testified to by the city engineer who had personal charge of the work. The tracks remained at the date of the accident exactly as they had been constructed, and while necessarily worn some, were not worn to such an extent as to involve at all the service and movement of the cars, nor were the joints of the rails loose at all.   A number of motormen and conductors who had traveled over the Jefferson line that day in charge of cars testified that the track at the place in question was in good condition, one of the witnesses stating that with over a year's experience with single-truck cars passing that point he had never seen any two of them sway in passing so as to come near together, but that there was always lots of room between them.

In addition to these witnesses Christopher Heimers, a lumber commission merchant, who was a passenger on the south-bound car, facing Ellerman, testified that he saw Ellerman on the running-board of the south-bound car, leaning out, apparently try-

ing to find a seat. He also saw the plaintiff leaning out from the running-board of the north-bound car, and saw the two men strike against each other, roll between the cars, and fall to the ground. There was a number of other people on both the inner running-boards. This testimony was partly corroborated by Bert Inman, a passenger on the south-bound car. Martin Stark was standing immediately behind Ellerman on the running-board of the south-bound car and there were several passengers directly in front of Ellerman also on the running-board. He saw four or five passengers on the inner running board of the north-bound car, and all of these passengers on both running-boards passed in safety except Ellerman and the plaintiff.

Rev. D. E. Standard was a passenger on the south-bound car and saw a number of passengers on both running-boards. He testified that he saw Ellerman and the plaintiff leaning out over the running-boards and witness wondered why they did not get in closer to the car. They alone of all the foot-board passengers were struck.

There was other testimony on the part of the defendant tending to show that during the month immediately preceding the accident plaintiff had been over this same line, making the same transfer, a number of times, many times riding on the inner running board, and had never been injured himself, nor had he seen others on the running-board injured.

Upon cross-examination of the plaintiff he made this statement: "Well, gentlemen of the jury, it is inexplicable, as I said. I may have been leaning further out than I thought I was, and he struck me. He would move past two or three people on the car and I may have made some movement after they were passed, and then it was he struck me. That is all the way I can account for it."

At the close of the evidence the court instructed the jury and the cause was submitted to them and they returned a verdict finding the issues for the defendant. A timely motion for new trial was filed by plaintiff on the 26th day of March, 1904. This motion was continued to the April term, 1904. On the second day of April, 1904, and at the April term of said court, the motion for new trial was sustained, for the reason that the court erred in giving instruction numbered 5 requested by defendant, to which action of the court in setting aside the verdict returned by the jury and granting plaintiff a new trial, the defendant properly preserved its exceptions. From the order granting plaintiff a new trial, defendant prosecutes this appeal, and the record is now before us for review.

## OPINION.

It is apparent from the record in this cause that there is but one legal proposition presented for our consideration, that is, the error assigned upon the action of the court in awarding a new trial, based upon the ground that the trial court erroneously gave instruction number 5 in behalf of defendant. We are not favored in our consideration of this cause by a brief or any suggestions by learned counsel for respondent in support of the action of the trial court; hence, our attention is not directed to any reasons forming the basis of the action of the trial court other than the one assigned by the court, that the new trial was granted on account of the error in giving instruction number 5. An independent investigation and analysis of the record fails to disclose any other grounds as a basis for the action of the court in awarding plaintiff a new trial; hence we are confronted with the single proposition involving the correctness of instruction number 5. This instruction was as follows:

"The jury are instructed that it was the duty of the plaintiff, in going upon the western or inner foot board of the car upon which he entered, to exercise such degree of care as the position he was in rendered reasonably necessary to prevent his being struck by passengers on the car or by the car passing on the other track; and if the jury believe from the evidence that the plaintiff, while upon such running or foot board, could, by standing upright thereon, and not leaning outwardly towards the cars on the other track, have avoided being struck by a passenger on or by the passing car, and that he failed to maintain such upright position and in consequence of such failure was struck and injured, then the plaintiff is not entitled to recover and your verdict must be for the defendant."

An instruction substantially embracing the same legal features as the one now before us, was in judgment before Division No. 1 of this court in Allen v. Railroad, 183 Mo. 411. In that case the defendant requested instructions, numbered 16 and 17, declaring the law upon the facts developed at the trial in that cause, as before stated, substantially the same as instruction number 5 in the case at bar. Judge VALLIANT, speaking for the court, in treating of the complaint lodged against the action of the court in refusing the instructions requested by defendant, said: "Instructions 16 and 17 asked by defendants were refused. They were to the effect that when the plaintiff stepped on the inner footboard, it became his duty to exercise such degree of care as the position he was in rendered reasonably necessary to prevent his being struck by a passing car and if by standing upright and not leaning out he would have avoided being struck, yet failed to observe that care, he was not entitled to recover. . . . The evidence for the defendants, upon which these instructions were predicated, tended to show that the space between the passing cars in which it was available for

a man to stand, was from twenty-eight to thirty inches. If that testimony was true, then it was a legitimate inference for the jury to draw that the plaintiff would not have been struck if he had stood erect on the footboard and not leaned outward. The defendants were entitled to those instructions and it was error to refuse them.''

It is plainly manifest that if the Allen case is to be followed, it is decisive of the proposition now under consideration, and the action of the trial court in granting a new trial for the reason assigned, must be held erroneous. The conclusions reached in the Allen case respecting the propriety of the instructions requested and refused, find support in the cases of Nugent v. Railroad, 73 Conn. 139; Flynn v. Railroad, 67 N. J. Law 546; Moylan v. Railroad, 128 N. Y. 585; Ashbrook v. Railroad, 18 Mo. App. 290.

The issue as to contributory negligence of the plaintiff was sharply presented by the pleadings in this cause. There was sufficient substantial evidence introduced by the defendant tending to establish that the plaintiff's injuries were the result of want of proper care and caution while riding upon the inner footboard of defendant's car, to warrant the court in directing the attention of the jury to that subject as was done by instruction number 5.

While it may be said, upon the facts disclosed by the record, that the plaintiff had the right to ride upon the inner board of defendant's car, yet it is equally clear that his position in so riding was attended with danger of being hurt; therefore, in our opinion it was very appropriate under the circumstances to direct the attention of the jury to the necessity of plaintiff exercising due care and caution to avoid injury.

Again it will be noted that the court in its instruction numbered 1, given for the plaintiff, fully recognized that the principal danger of injury from riding on the inner board of defendant's car was that to which

the attention of the jury was directed by instruction number 5.

We have indicated our views of the proposition disclosed by the record, which results in the conclusion that the action of the trial court in granting a new trial in this cause was erroneous, and its order and judgment should be reversed, with directions to render judgment in conformity with the verdict returned by the jury, and it is so ordered.

All concur.