## John E. Feehan vs. Frank Slater.

First Judicial District, Hartford, October Term, 1915.
Thayer, Roraback, Wheeler, Beach and Greene, Js.

In an action to recover damages for personal injuries due to the alleged negligence of the defendant in running his automobile into the plaintiff while he was walking along the highway in the same direction, the trial court, after defining negligence as the failure to use reasonable care, said to the jury that we all owed, to those likely to come in contact with us or with instrumentalities operated by us, the duty of exercising such care as a reasonable and prudent man would exercise under like circumstances and conditions; and that if we failed in this duty and injury resulted as the proximate cause of such failure, we would be liable to the person so injured; and that such was the nature of the action before the jury. *Held* that these instructions were correct and adequate for the guidance of the jury touching the plaintiff's obligation to exercise due care.

A violation of the law of the road (Public Acts of 1905, Chap. 216, § 2), in turning to the left instead of to the right to avoid an automobile approaching from the rear, although constituting negligence, will not preclude such person, if injured, from recovering damages, provided such violation was not the proximate cause of his injury.

In such an action damages, if properly alleged and proved, may be awarded for the loss sustained by the plaintiff through his inability to attend to his ordinary vocation in consequence of the injury received; and these damages may include profits which it was reasonably probable the plaintiff would otherwise have made.

Argued October 6th—decided December 17th, 1915.

Action to recover damages for personal injuries alleged to have been caused by the defendant's negligence,

brought to the Superior Court in Hartford County and tried to the jury before *Tuttle, J.;* verdict and judgment for the plaintiff for $1,000, and appeal by the defendant. *No error.*

*Bernard F. Gaffney,* for the appellant (defendant).

*William J. Malone* and *Newell Jennings,* for the appellee (plaintiff).

RORABACK, J. The complaint alleged that at the time of the accident the plaintiff was the owner of and was carrying on an entertainment business in the nature of a revolving carriage or "merry-go-round," which required his attendance shortly thereafter at New Britain, and at the Stafford fair to be held at Stafford Springs; that as a result of the accident and injuries he was unable to fulfil his business arrangements at either New Britain or at Stafford Springs, and had been unable to perform any work or labor, and had suffered and sustained damages, as a result of the accident and injuries, which prevented the prosecution of his business. The answer to these allegations was in substance a general denial.

It was conceded that the plaintiff, when injured, was the owner and operator of a machine called a "merry-go-round." During the summer of 1914 he had conducted this business in various towns in Connecticut. For several days prior to October 3d, 1914, his machine had been operated upon the fair grounds in the town of Berlin. His engagement at this place terminated upon the day last mentioned. He was injured by a collision with the defendant's automobile while walking along the highway with one of his employees, from the Berlin depot to the fair grounds. While so walking side by side they heard the horn of the defendant's automo-

bile, which was behind them and going in the same direction. When they became aware of the presence of the automobile the employee turned to the right, and the plaintiff to the left, to allow the automobile to pass them. The plaintiff was overtaken by the defendant's car which struck and injured him. In addition to these facts the plaintiff offered evidence to prove and claimed to have proven that before and after the collision the defendant was running his car at an excessive rate of speed; that the plaintiff and his companion did not know of the approach of the car until it was within a few feet of them; that he was compelled to dash to the left-hand side of the road on to a grass plot, in his attempt to avoid a collision with the defendant's car. The plaintiff also offered evidence to prove and claimed to have proven that as a result of this accident he was prevented from personally attending to and supervising his business engagements at New Britain and Stafford Springs, and that he was unable in any way to engage in business up to the time this suit was brought; and that the business of the plaintiff in operating and supervising this revolving carriage could only be carried on under his own personal supervision. The estimated income of this business, above expenses, was $45 per day. He also offered evidence of profits or income received daily from his machine in Naugatuck, Terryville, Bristol, and several other places where he had operated it during the summer of 1914.

The defendant offered evidence to prove that when he saw the two men upon the highway he sounded his horn and reduced the speed of his car; that he saw them turn and look at his automobile, when one turned to the right; that the other, the plaintiff, after he had turned to the right, then turned to the left and ran across the highway toward the defendant's automobile; that when he discovered this action of the plaintiff

the defendant again reduced the speed of his car and attempted to pass the plaintiff upon his left side, but that the plaintiff continued to run to the left until he was directly in front of the automobile, when he was struck and injured.

The plaintiff obtained a verdict for $1,000, and the case is now before us upon exceptions to the charge of the court as it was given.

The first reason of appeal recites a long passage in the charge which contains several distinct and independent propositions of law; thus leaving it uncertain which particular error is claimed to have been committed by the trial court. It may be assumed, however, from the argument and brief of counsel, that the defendant contends that the trial court failed to lay down a rule of law which would properly guide the jury as to the plaintiff's duty to have exercised reasonable care at the time and place in question. In like manner it may be also inferred, from this reason of appeal, that the defendant contends that the jury should have been instructed that the plaintiff could not recover if it appeared from the evidence that he turned to the left, instead of turning to the right, at or about the time he was injured.

In that portion of the charge in which the trial court defined and described negligence, it said: "Negligence, which is the gist of this action, is the failure to use reasonable care; that is, care proportioned to the danger in the various activities of life in which we find ourselves engaged. We owe, all of us, to those likely to come in contact with us or with our instrumentalities of operation, the duty of exercising reasonable care; and they have a right to expect of us that degree of care in whatever we are doing which a reasonable and prudent man would exercise under like circumstances and conditions. If we fail in this duty and injury

results as the proximate cause of such failure, then we are liable to the person 'so injured. That is what we call in law actionable negligence; and that is the character of the action which is before you for determination." The statements of the court, in this connection, were not only correct, but such as ought to have been made for a clear understanding by the jury of the plaintiff's duty to have exercised due care.

The fact that there was a statute (Public Acts of 1905, Chap. 216, § 2) that provided that a person overtaking another on a highway "shall pass on the left side of the person overtaken, and the person overtaken shall, as soon as practicable, turn to the right so as to give half of the traveled road and a free passage on the left, to the other," did not in itself prevent a recovery. It should have also appeared that the violation of the statute was the proximate cause of the injury sustained. *Coffin* v. *Laskau,* 89 Conn. 325, 329, 94 Atl. 370. After reciting the provisions of the statute just referred to, the judge said to the jury: "If a violation of this law is the proximate cause of the injury then it is negligence, because every person is presumed to know this law and to act in accordance with it." In this connection the court below properly and at length explained this statute as applicable to the issue and claims of the parties. There is nothing omitted or stated in this portion of the charge which provides any ground for complaint by the defendant.

The second reason of appeal relates to the instruction of the court upon the question of damages. The defendant contends that the court erred in stating to the jury: "Now, if you find for the plaintiff you would, in addition to reasonable compensation for the pain and suffering which he has endured as a result of this accident—it is within your province to allow, and you should allow, such sum as you can find from the evidence to

have been proven as the reasonable loss from the plaintiff's inability, on account of this accident, to fulfil these two business engagements. And in reaching your conclusion as to that,—of course, it must at best be more or less of an estimate,—you can only base it upon the experience of the past as to the earnings of this sort of business as revealed to you from the witness-stand." The defendant now contends that these instructions were objectionable, as they directed the jury to enter the realm of uncertainty, conjecture and speculation as to the measure of damages. "In an action for personal injuries, future apprehended consequences which are merely possible are speculative and can furnish no basis for damages; on the other hand, in this jurisdiction, it is not necessary that they should be reasonably certain to ensue. The plaintiff should be permitted to prove those results which are likely to happen, that is, those which are reasonably probable." *Johnson* v. *Connecticut Co.*, 85 Conn. 438, 83 Atl. 530; *Comstock* v. *Connecticut Ry. & Lt. Co.*, 77 Conn. 65, 68, 69, 58 Atl. 465. "Inability to follow one's ordinary vocations, consequent upon an injury inflicted, may be proved to characterize the extent of such injury." *Smith* v. *Whittlesey*, 79 Conn. 189, 191, 63 Atl. 1085. Profits derived from the management of a business may properly be considered as a measure of the earning power. This is especially true when the business is one which requires the personal attention and labor of the claimant. *Wallace* v. *Pennsylvania R. Co.* (195 Pa. St. 127, 45 Atl. 685), 52 L. R. A. 33, 35, and cases cited in note c, page 38.

It is difficult to lay down any definite rule that should govern this class of cases. If, as the plaintiff has alleged in his complaint and the jury has found, he was run down and injured by the negligent management of the defendant's automobile, it was certainly

competent for the plaintiff in some proper way to show the nature and extent of such injuries. He claimed and offered evidence to show that he had an established business from which, by his own personal efforts and supervision, he had realized a certain amount of daily profits; that this business had been recently conducted within this State. The plaintiff also offered evidence to prove that this business was broken up by the negligent conduct of the defendant, which was the proximate cause of his inability to carry on these business engagements from which, under ordinary circumstances, he would have realized about the usual amount of his daily profits. It appears that the defendant had the fullest opportunity to test the value of these claims for prospective damages. The plaintiff in his complaint described them with particularity. The trial of this case in the court below did not take place until several months after this action was commenced. No protest or objection to the averment of these facts was made. Neither did the defendant object to the admissibility of the evidence which was offered to sustain them, or make any requests to charge the jury upon this subject. There was therefore nothing in this part of the charge of which the defendant could complain.

There is no error.

In this opinion the other judges concurred.