ERNEST MONTAMBAULT *vs.* THE WATERBURY AND MILLDALE TRAMWAY COMPANY.

Third Judicial District, New Haven, January Term 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

There is no justification for an appeal from the refusal of the trial court to set aside a verdict where the evidence is plainly conflicting, and thereby compel the printing of the entire testimony. Such practice is an abuse of the right of appeal.*

Negligence and contributory negligence are questions for the jury where the facts are disputed.

The existence or nonexistence of contributory negligence ordinarily depends upon whether the plaintiff acted as a reasonably prudent man under the circumstances; and therefore a charge which confines the jury's attention or consideration to one particular feature of the case, making that the test or standard of conduct instead of the situation as a whole, is erroneous and prejudicial to a losing plaintiff.

There is no room for "inevitable accident" if the defendant's negligence is practically admitted; accordingly a charge which repeatedly calls the jury's attention to that possibility, is misleading and probably harmful.

While changing trolley-cars at a place where the tracks for several hundred feet were undergoing repair, the plaintiff, having passed on foot the spot under repair, went between two other stationary cars standing about three feet apart, and while so doing the air-brake on the forward car was released and it backed into the other car, crushing the plaintiff between the two. There was evidence that the plaintiff, upon hearing the release of the air-brake, hurriedly jumped upon the draw-bar or bumper, to avoid the collision, and while there was injured. The defendant, on the other hand, claimed that the plaintiff was attempting to continue his journey on the bumper, and that his injuries were caused thereby.

---

* After the opinion in this case had been filed, the defendant (appellee) appealed from the taxation of $50 costs against it for the printing of all the evidence, upon the ground that such printing was a useless and unjustifiable expense, and moreover, that upon the issue to which the printing of this evidence appertained, the defendant and not the plaintiff was "the prevailing party." The court sustained this appeal, thereby eliminating this item of $50 from the costs which had been taxed against the defendant. *Reporter.*

The trial court instructed the jury that if they found the defendant's version correct, there could be no doubt but that the plaintiff was guilty of contributory negligence which precluded his recovery. *Held* that this instruction was erroneous, since the plaintiff's position on the bumper was a *condition* rather than the *cause* of his injury, which was the backward movement of the car and the resulting collision,—a danger which the plaintiff was not warned against and one which he could not reasonably have been expected to anticipate.

Negligence is deemed contributory only when it is a proximate cause of the injury; that is, when in a natural sequence, unbroken by any new and intervening cause, it produces the injury, which would not otherwise have occurred.

Argued January 18th—decided March 1st, 1923.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Kellogg, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

The plaintiff offered evidence to prove these facts: On December 12th, 1919, he was a passenger on defendant's trolley railway, and ordinarily the car he patronized went straight through to plaintiff's destination, but at the time of the accident and for sometime prior, the tracks of defendant at one point on this line for about four hundred feet had been torn up and cars did not operate over this space. Upon reaching this part of the track the plaintiff, by direction of the conductor, left the car to take the car ahead. He walked along the track and in the road for about four hundred feet until he reached two cars ahead standing about three feet apart. The farther, or first car, was an express car on which the plaintiff ordinarily rode. The doors of the front car were closed upon the side from which plaintiff approached, and he saw passengers, from the car on which he had been, passing between these two cars for the purpose of boarding the front

car. There was no one in behalf of the defendant directing passengers what to do. He received no direction except that given by the conductor of the car he had left. The rear vestibule of the front car was filled with people and the seats inside the car were taken. While the plaintiff was passing between the cars, without warning the air-brake was released on the front car and in consequence it backed into the rear car, catching the plaintiff and jamming his body between the cars and severely injuring him. The defendant's motorman upon the front car had left the rear vestibule of the car leaving the controller and brake attached to the motor, and in consequence some one had released the air. The plaintiff, when he heard the air released, jumped to avoid the collision, getting on to the draw-bar or some part of the car, and was crushed between the headlight on the rear car and the front car. The plaintiff did everything he reasonably could to save himself. The injuries to the plaintiff were caused by the negligence of defendant's servants in releasing the air, or allowing the release of the brakes on this car without warning to the plaintiff that the car was about to move backward, when defendant ought to have known that the plaintiff was passing between the cars and was likely to be injured.

The defendant offered evidence to prove these facts: The plaintiff should have boarded the rear of the two cars, as it stopped at his destination while the front car did not, it being an express car. The two doors upon the side of the front car the plaintiff was approaching were open, and passengers could enter by either the rear or front doors. There were plenty of unoccupied seats in the front car. Instead of entering the car, the plaintiff voluntarily passed between the two cars and took a position on the outside of the car, standing on the bumper, which was 2½ feet from the track, and

directly in the middle of the car, at the point of contact, should the two cars collide. This position was a dangerous one and was taken by the plaintiff unnecessarily. The servants of defendant did not release the air-brake. The car moved back slowly into the rear car. There was no draw-bar on this car. The defendant claimed that the plaintiff was guilty of contributory negligence.

*Clayton L. Klein,* with whom was *Joseph E. Carey,* and, on the brief, *James A. Peasley,* for the appellant (plaintiff).

*John H. Cassidy,* for the appellee (defendant).

WHEELER, C. J.  The case is one of conflicting evidence, so plain that there was not the slightest justification for the appeal from the denial of the motion to set aside the verdict. The taking of an appeal upon this ground, thus compelling the printing of the entire evidence, was an abuse of the right of appeal.

The issue of the negligence of the defendant as well as the issue of the contributory negligence of the plaintiff, were, upon the evidence offered by the parties, conclusions for the jury to draw and not conclusions for the court to draw as matter of law; and therefore the error assigned in the failure of the court to charge plaintiff's eleventh request, that the plaintiff was not guilty of contributory negligence, is not well taken.

The court charged the jury: "I will state to you that there is another fact that must be taken into consideration by you in determining whether or not the plaintiff's conduct was that of a reasonably prudent man, and that is whether it was reasonably necessary for him to go between the cars in order to get on the car in question." The plaintiff's assignment of error as to this portion of the charge must be sustained.

The determination of whether the plaintiff's conduct was that of a reasonably prudent man was for the jury. The court's restriction of this determination to the jury's finding "whether it was reasonably necessary for him to go between the cars," was the setting up by the court of the standard of reasonable care as applied to this particular case. That the court could not do. It was an invasion of the province of the jury. And if the jury had confined its consideration of the conduct of the reasonably prudent man to this one consideration, they would have failed in their duty which was to have before them the entire situation— all the facts in evidence bearing upon this point— and then say what the reasonably prudent man would have done in the light of these circumstances.

The court several times charged the jury that the defendant would not be liable if the plaintiff's injuries were the result of inevitable accident. No real attempt was made in the case to disprove the defendant's negligence; the only question open upon the evidence offered was that of the contributory negligence of the plaintiff. Under these circumstances inevitable accident had nothing to do with the case, and we fear the repeated charge upon this subject may have led the jury to think otherwise. Whether, if this error stood alone, we should regard it as so harmful as to require a new trial, we need not determine in view of other conclusions reached by us.

Another part of the charge, assigned as plaintiff's tenth error, is this: "And on the other hand, if you find that this accident occurred as the defendant claims it occurred, because this plaintiff was attempting to ride upon the bumper, and thereby his injuries were occasioned, there can be no doubt that he failed to exercise due care, that he contributed to his accident of his own negligence, and therefore he cannot re-

cover." We have already said that in this case the issue of the plaintiff's due care should not be limited to one feature of the case, but must be decided upon a consideration of all the facts bearing upon it; and in such a case as this, is for the jury.

The charge was erroneous for another reason. If the jury found the plaintiff stood upon the bumper at the time he was injured, his standing upon the bumper was a condition, not a cause, of his injuries. The release of the air-brake and the movement of the car back, brought the cars together and injured the plaintiff. His being on the bumper did not cause the car to move or have any relation to it. It may have been a dangerous place and negligent for him to place himself there, and if he had fallen off when the car moved forward to its destination, the position of danger might well have had relation to his fall. But the collision of the front car with the rear was a danger that he had not been warned against and could not reasonably be expected to anticipate.

A similar situation arose in *Smithwick* v. *Hall & Upson Co.*, 59 Conn. 261, 270, 21 Atl. 924. Smithwick was helping to store ice in a brick building, and was warned not to stand upon a certain part of the platform on which he worked, because it was not safe. He, contrary to the warning, stood on this part of the platform, and was injured by a brick wall falling against him; as to which he had not been warned. We said: "The plaintiff had full knowledge of and was abundantly cautioned against certain particular sources of peril and danger, and he voluntarily neglected the warnings and took the risk of those perils and dangers. He was injured through the negligence of the defendant from an entirely different source of danger, of which he knew and could know nothing, and of whose existence it was the duty of the defendant to warn him.

Under these circumstances the failure or neglect to heed the warning does not constitute contributory negligence. . . . To have that effect it must be an act or omission which contributes to the happening of the act or event which caused the injury." In *Nugent* v. *New Haven St. Ry. Co.*, 73 Conn. 139, 141, 46 Atl. 875, a passenger stood upon the foot-board of a trolley-car and leaned backward and came in contact with a pole near to the track while the car was in motion. We held: "That the plaintiff was on the foot-board of the car must, on the finding as stated, be deemed not the cause of his injury, but only a condition. . . . Although he was on the foot-board of the car, if he had not leaned back he would not have been injured. The leaning back was the proximate cause of his injury." Upon this principle we have held that the violation of a statute or ordinance, in actions of negligence, is immaterial "unless the act of violating the law is in itself a breach of duty to the party injured in respect to the injury suffered." *Monroe* v. *Hartford St. Ry. Co.*, 76 Conn. 201, 206, 56 Atl. 498; *Feehan* v. *Slater*, 89 Conn. 697, 701, 96 Atl. 159. Closely related cases applying the doctrine of proximate cause in a like manner are: *Hoyt* v. *New York, N. H. & H. R. Co.*, 78 Conn. 709, 713, 63 Atl. 393; *Smith* v. *Connecticut Ry. & Ltg. Co.*, 80 Conn. 268, 67 Atl. 888. In the first the passenger, thinking he had reached the station, got up, walked to the door, fell, and because there were no gates on the platform, was thrown under the car, and we held: "Whether, under some circumstances, the conduct of the plaintiff as found was careless or not, it had no necessary relation, as a proximate contributing cause, to injuries actually caused by the negligence of the defendant in leaving the platform in a condition unsafe, and which passengers had no reason to anticipate." In the latter case we held that driving across a

street-railway track in front of an approaching car under such circumstances as to constitute negligence, did not bar the action if the railway company, by a new act of negligence, caused the injury. We said: "If, after an act of omission constituting negligence on the part of one injured at a railroad crossing, the railroad car or cars might have been so controlled, by the exercise of reasonable care and prudence on the part of those in charge of them, as to avoid the injury, then a failure to exercise such care and prudence would be an intervening cause, and so the plaintiff's negligence no longer a proximate cause, and therefore not a bar to his recovery."

There is error and a new trial is ordered.

In this opinion the other judges concurred.