LEONA HINCH *vs.* THOMAS ELLIOTT.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 2d—decided November 20th, 1934.

*Morris Lubchansky* and *Charles V. James,* for the appellant (plaintiff).

*Arthur T. Keefe,* with whom was *J. James Floyd,* for the appellee (defendant).

MALTBIE, C. J. As far as the decisive issue upon this appeal is concerned, the facts were little in dispute. The jury could reasonably have found them as fol-

lows: The plaintiff, with her husband, his brother and another woman went from the brother's cottage, in an automobile owned by him, about ten miles to a beach to bathe. The car was a Chevrolet roadster, with a rumble seat. On the trip to the beach the women occupied the rumble seat. On the way back they sat upon the front of the car, one on each side. The plaintiff's evidence was to the effect that they sat between the fenders of the car and the hood, and that she had her feet on the front bumper, holding to a rod which connected the headlights. The trial court states in its memorandum of decision granting the motion to set the verdict aside, that the court and jury examined the car and that it was so constructed that the women could not have sat between the fenders and the hood, but must have sat upon the top of the fenders. Their purpose in taking such a position was to dry their hair. A portion of the route from the beach to the cottage was along the Boston Post Road, a much traveled highway. The car went along this road, until just before the accident, at a speed of thirty-five to forty miles an hour. As it approached an intersecting road, the defendant's car, coming in the opposite direction, turned without signal to enter this road, thus crossing the path of the car on which the plaintiff was riding. The driver of the latter car applied his brakes and turned to the left, but the right front wheel of his car collided with the left rear wheel of that of the defendant. Neither car was overturned and the two men, sitting in the front seat of the roadster, were not thrown out and suffered no serious injury. The women were thrown off the car and both hurt. The trial court set aside the verdict rendered for the plaintiff upon the ground that she was guilty of contributory negligence as matter of law.

The trial court was right in holding that the plaintiff was negligent as matter of law. Even if upon this record we cannot accept as conclusive the statement in the memorandum of decision of the trial court as to the position of the plaintiff, but must proceed upon the assumption that the jury might have accepted the testimony she offered, it still remains true that her position upon the car was one of great danger. This is illustrated by the fact that the men sitting in the car were not thrown out or injured when the collision occurred, while both women were thrown to the ground. To ride perched upon the front of an automobile as the plaintiff did, over a much traveled road, subject to all the vicissitudes of traffic conditions, at a speed of thirty-five to forty miles an hour, was conduct so inherently dangerous as to justify the application of the rule stated in *Guilfoile* v. *Smith,* 97 Conn. 271, 273, 116 Atl. 237: "Certain conduct may be so obviously negligent as to justify a court in so describing it."

The question remains, did that negligence so contribute to the accident as to defeat the right of the plaintiff to recover. In *Montambault* v. *Waterbury & Milldale Tramway Co.,* 98 Conn. 584, 120 Atl. 145, we held that where the plaintiff was standing upon the front bumper of a trolley car when a collision occurred between it and another car, due to negligence in the operation of the latter, any negligence on his part in standing upon the bumper was a condition and not a cause of the accident. In *Nugent* v. *New Haven Street Ry. Co.,* 73 Conn. 139, 46 Atl. 875, where a passenger was standing upon the running board of a trolley car and was injured when he leaned back so that his head came into contact with a trolley pole at the side of the track, we said that his position upon the running board was a condition and not a

cause of the accident, but held that under the circumstances he was guilty of contributory negligence in leaning back so far that his head struck the pole. In *Smithwick* v. *Hall & Upson Co.*, 59 Conn. 261, 21 Atl. 924, where the plaintiff, working upon a platform next a building, took a position which was more dangerous than that in which he had been instructed to stand by his foreman, and was injured by the fall of a wall of the building, due to the negligence of the defendant, we held that his taking the position he did was a condition and not a cause of the accident. In the American Law Institute Restatement, Torts, § 468, it is said: "The fact that the plaintiff has failed to exercise reasonable care for his own safety does not bar recovery unless plaintiff's harm results from a hazard because of which his conduct was negligent." One of the illustrations of the application of this rule is adapted from *Smithwick* v. *Hall & Upson Co., supra;* Op. Cit., Tentative Draft No. 10, p. 65.

The Comment (*b*) under this section is illuminative: "The rule stated in this section is applicable when the plaintiff's conduct is negligent only because of its tendency to expose him to some particular type or types of hazards. There are many acts and omissions which are negligent because of their generally dangerous character and not because of their tendency to create any particular hazard or hazards. The rule stated in this section does not apply when the plaintiff's negligence is of this latter kind." The distinction so made commends itself to us as sound and it applies to the case before us. The position occupied by the plaintiff was dangerous not merely from the standpoint of negligence in the operation of other cars upon the highway, but from the likelihood that due to traffic conditions the car on which she was riding might have been forced to stop suddenly or swerve quickly,

and was also dangerous because of the likelihood of serious injury should either of these events occur, or a collision of any kind, or in any one of a great number of contingencies. The cases of *Guilfoile* v. *Smith*, 97 Conn. 271, 116 Atl. 237, and *Worden* v. *Anthony*, 101 Conn. 579, 126 Atl. 919, are distinguishable on their facts, because in each the jury might have found that the accident to the plaintiff's decedent would not have occurred except for his position in the car in which he was riding. But in the latter case, where the plaintiff was brushed off the fender of the car, upon which he was lying with his body protruding beyond it, by another passing car, we did not place our decision upon the fact that his body did protrude beyond the fender, and that, because of this, he was brushed off, but upon the fact that the jury could reasonably have found not only that he was negligent in lying upon the fender but that this negligence was a proximate cause of his injury. The decision in that case accords with the distinction made in the Comment we have quoted from the Restatement. The conclusion of the trial court that the plaintiff was as matter of law guilty of contributory negligence barring a recovery was correct and there was no error in its ruling setting the verdict aside.

In view of what we have said, there is no occasion to consider the bill of exceptions filed by the defendant.

There is no error.

In this opinion the other judges concurred.