THOMAS M. SMALL *vs.* THE THAMES RIVER LINE, INCORPORATED.

Maltbie, C. J., Hinman, Banks and Avery, Js.*

Argued June 12th—decided July 10th, 1936.

* By agreement of counsel the case was heard before and decided by four judges.

*George C. Morgan,* for the appellant (defendant).

*John T. Barry,* with whom was *Thomas S. Whitman,* for the appellee (plaintiff).

MALTBIE, C. J.   The defendant has appealed from the refusal of the trial court to set aside a verdict for the plaintiff and from the judgment on that verdict. Under the former appeal it claims that the plaintiff was guilty of contributory negligence as matter of law, and under the latter that the trial court erred in the charge upon the issue as to whether the driver of the car causing the injury was at the time acting within the scope of his employment by the defendant.

As to the first claim, the jury could reasonably have found the following facts: The plaintiff, a salesman, parked his car on a street in Norwich in the only available space near a garage at which he desired to call, the car facing north.   The street was about twenty-four feet wide, cars were parked on both sides, and considerable traffic was passing in both directions.   The plaintiff went to the garage and upon returning entered the car, sat down and closed the door to consider just what he would do next.   He then decided to get some samples from the rear of the car.   A pole at the side of the street prevented his using the right door. He is a tall man and to gain access to the rear and at the same time to keep his balance he opened the left door far enough to permit him to rest one foot upon the running board, a distance of about a foot.   As he

did this he heard a car approaching, and looked to see if his foot was in a safe place. After a time, stated by him to be two or three minutes, while he was still in the same position, a car driven by Gustave Lambert, Jr., going in a northerly direction, passed. As it did so, a casting, consisting of a pinion gear which was being carried on the right running board, struck the door of the plaintiff's car, closing it violently against his foot and leg, and causing the injury to recover for which this action was brought. Under these facts the jury might reasonably have concluded that the plaintiff was not guilty of negligence which was a substantial factor in causing his injuries.

The plaintiff claimed to have proved that Lambert was an automobile mechanic employed by the defendant to keep its trucks in condition and repair; that the night before the accident he had been instructed to make repairs upon a truck at the defendant's yard, leaving him to use his own judgment as to the manner of getting the work done; that this truck would be needed at 2 o'clock that day; that it was necessary for him to take apart the pinion gear, which weighed about twenty pounds, and to do this he needed to use certain equipment at the garage where the defendant's trucks were stored and where he usually did repair work upon them; that he placed the pinion gear upon the running board of his own car to take it to the garage, a helper going with him to hold it in place; and that the accident occurred while he was on his way to the garage. The defendant, not disputing these facts, claimed to have proved that the gear could easily be carried by hand, that the defendant had transportation facilities available at the yard which Lambert might have used, but that he nevertheless took his own car without the defendant's knowledge and against its orders previously given. Amplifying the latter claim of proof by

resort to the evidence brought before us by the appellant, as we may, we find that the order was that the employees of the defendant should use only its own trucks in the performance of their work.

The defendant in its assignments of error included in a single assignment the portion of the charge concerning agency, covering nearly a page and a half of the printed record, without indicating in any way what was the specific objection it desired to raise. This violated our practice and we are under no obligation to discuss this long assignment in the effort to find possible error. *Furber* v. *Trowbridge,* 117 Conn. 478, 482, 169 Atl. 43. But that aside, the claim of the defendant in its brief is that the charge eliminated from the consideration of the jury the question whether Lambert in taking his own car was bound on some personal errand of his own, as indicated by the position of the helper on the running board ready to step off at any time and so permit Lambert to continue on his way; but nothing in the claims of proof suggests that the defendant made any such claim at the trial nor do they afford any reasonable basis for such an inference.

The manager of the defendant, called in its behalf, was asked whether it carried liability insurance upon its trucks and other equipment, and the defendant complains of the exclusion of this question. As the trial court stated, the only effect this evidence would have would be to establish a motive for the defendant's order that its employees use only its own trucks. So far as the record shows, the fact that such an order was given was not in dispute. The trial court certainly did not commit reversible error in excluding the testimony.

There is no error.

In this opinion the other judges concurred.