FELIX R. KRYGER, ADMINISTRATOR (ESTATE OF JANE KRYGER) *vs.* JOHN PANASZY ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 8th—decided December 9th, 1937.

*Raymond E. Baldwin,* for the appellants (defendants).

*John F. Keating,* for the appellee (plaintiff).

AVERY, J.   The plaintiff brought this action to recover damages for the death of Jane Kryger, alleged to have been caused by the negligence of the defendant Panaszy in the operation of an automobile which he was driving for his employer, the Maher Bros. Corporation.   The case was tried to the jury and a verdict returned in favor of the plaintiff from which the defendants have appealed assigning error in the denial of a motion to set aside the verdict, also in the failure of the court to instruct the jury as requested, the instructions as given, and a ruling on evidence.

From the evidence, the plaintiff claimed to have proved these facts: Jane Kryger, a young woman twenty-one years of age, at about 6.45 in the morning, September 14th, 1936, was on her way to work at the factory of the Electrolux Company, on Forest Avenue, Greenwich, Connecticut.   Forest Avenue runs east and west, has a hard surface twenty feet in width and a

dirt shoulder on the south side nine feet six inches in width. It is intersected from the north by Coolidge Lane. About fifty feet beyond Coolidge Lane and on the south side of Forest Avenue there is a private driveway leading into the premises occupied by the defendant Panaszy. As the decedent, Jane Kryger, was walking along Brownhouse Road on her way to the factory, Frank Chordas, Jr., another employee, driving a Plymouth coupé, overtook her. The car was a left-hand drive and seated upon the front seat with Chordas were three young women, two on the seat with him and the other on the lap of the one nearest the right-hand door. Chordas stopped and the decedent got on to the left running board of the automobile facing the inside, with her hands through the open window, thereby holding herself in position close to the body of the car. Chordas proceeded to and along Forest Avenue in a westerly direction and as he approached Coolidge Lane another automobile was about to drive out of it into the avenue. Chordas, when he saw this automobile, reduced speed and as he observed it stop he swerved slightly to the left with his right wheels about on the center of the highway. As his automobile was passing the defendant's driveway, the latter suddenly and without warning backed a truck out of the driveway into Forest Avenue. The truck was a one and one-half ton Chevrolet with a platform body and an enclosed cab in front and was owned by the defendant Maher Bros. Corporation. The rear of the truck struck Jane Kryger, and crushed her between the two vehicles. She fell to the roadway and died that day of the injuries. The speed of the Chordas car was about twenty-five miles an hour and he did not see the truck backing out until a moment before the collision, when he heard Jane Kryger scream. Panaszy did not see the Chordas automobile

at all until after the collision. The plaintiff claimed further that the position of Jane Kryger upon the running board did not interfere with the vision of Chordas in driving the car and that he was in no way crowded or interfered with by the young women occupying the seat beside him or by the decedent standing on the running board. The plaintiff claimed upon these facts that the death of the decedent was due to the negligence of the defendant Panaszy in backing the truck out of the driveway without keeping a proper lookout and without warning.

The defendants' claims as to the facts differed very little from those of the plaintiff. Panaszy claimed that his truck had a platform body twenty-one feet six inches long; that before backing out of the driveway he stopped and went into his house, came out again and got into the truck, looked through the trees to the east and saw nothing approaching and backed out at a speed of four miles per hour. He heard no warning and gave none; and at the time of the impact the rear wheels of the Chordas car were three feet in from the south edge of the paved part of Forest Avenue and the front wheels five feet. The defendants claimed that the negligence of Chordas was the sole proximate cause of the collision; that Panaszy was not negligent under the circumstances; that the plaintiff's intestate was guilty of contributory negligence; and that the overcrowding of the car interfered with its operation, a risk which the plaintiff assumed as well as the risk of riding on the running board.

Under these claims the defendants requested the court to instruct the jury as to a provision of § 573c of the Cumulative Supplement (1935) to the General Statutes. The applicable part of this statute provides: "No person shall operate any motor vehicle upon any public highway or other public place when the operator

of such vehicle shall be crowded by reason of having more than the number of persons for which reasonable and safe seating space is provided in the front seat thereof." The court, after reading the provisions of the statute, went on to say: "This statute, you will observe, applies directly to Chordas, the driver of the Plymouth automobile. I charge you, I emphasize, that no negligence of Chordas can be attributed to Jane Kryger. No negligence of Chordas can affect the right of the plaintiff to recover a verdict in this action." Under the situation disclosed by the claims of the parties under the evidence, this instruction was too favorable to the plaintiff. The jury might have found that the collision was due solely to the negligence of Chordas in operating his car so far to the left of the center of the road or in failing to see the Panaszy car sooner. If the jury found that negligence of Chordas was the sole proximate cause of the collision there could have been no recovery by the plaintiff against the defendants. It follows that the defendants were entitled to have the jury instructed in accordance with the substance of their request and the charge of the court upon this point was erroneous. There was error in the charge upon this phase of the case.

In the course of its instructions to the jury the court informed them: "If you find that the position of Jane Kryger upon the running board of the Plymouth automobile simply afforded an opportunity for negligence of the defendant to result in damage and injury and was not a moving or contributing cause of such injury, then you may find that her taking that position on the automobile was a mere condition that existed and not a proximate cause of her injuries and death." The defendants claim that the trial court was in error in permitting the jury to determine whether the position of Miss Kryger upon the running board was a condi-

tion or a cause of her injuries, their claim being that the decedent was guilty of contributory negligence as a matter of law, relying upon the case of *Hinch* v. *Elliott,* 119 Conn. 207, 209, 175 Atl. 684. In that case the plaintiff was riding on an automobile upon a much traveled highway at thirty-five miles an hour and was seated between the front fender and the hood or on the fender with her feet on the front bumper. The car collided with another which turned in front of it and she was thrown off and hurt. We held that the plaintiff was guilty of contributory negligence as a matter of law because her position was dangerous, not merely from the standpoint of negligence in the operation of other cars upon the highway, but from the likelihood that due to traffic conditions the car on which she was riding might have been forced to stop suddenly or swerve quickly, and also because of the likelihood of serious injuries should either of these events occur, or a collision of any kind, or in any one of a great number of contingencies. We quoted with approval the rule stated in American Law Institute Restatement, Torts, § 468, that "The fact that the plaintiff has failed to exercise reasonable care for his own safety does not bar recovery unless plaintiff's harm results from a hazard because of which his conduct was negligent." In that case the plaintiff's harm resulted from a hazard because of which her conduct was negligent.

In the instant case, while the conduct of the deceased might be found negligent as regards the hazards naturally accompanying riding on a running board, that a truck such as the one operated by Panaszy should back out of a private driveway and crush her against the side of the car in which she was riding was not necessarily and as a matter of law a hazard in respect to which her conduct was negligent. In

other words, even if the jury found that the decedent was negligent under the circumstances in riding upon the running board, they might also have found that her position was a condition merely of her injury and not a cause of it. This case is controlled by the principles expressed in *Montambault* v. *Waterbury & Milldale Tramway Co.*, 98 Conn. 584, 589, 120 Atl. 145, and *Smithwick* v. *Hall & Upson Co.*, 59 Conn. 261, 270, 21 Atl. 924. The trial court did not err in its instructions upon this point and in permitting the jury to decide whether the decedent's position upon the running board was to be regarded as a condition merely or as a cause of her injury. *Small* v. *Thames River Line, Inc.*, 121 Conn. 554, 556, 186 Atl. 493; *Nugent* v. *New Haven Street Ry. Co.*, 73 Conn. 139, 141, 46 Atl. 875; *Monroe* v. *Hartford Street Ry. Co.*, 76 Conn. 201, 206, 56 Atl. 498; *Feehan* v. *Slater*, 89 Conn. 697, 701, 96 Atl. 159.

In the course of the trial, for the purpose of proving the overcrowding of the Chordas car, the defendant offered in evidence the testimony of John F. Banthin, who qualified as an expert in the construction of Plymouth automobiles. He testified that Plymouth automobiles of that particular model were made by machinery producing cars uniform in size and dimensions, that he had seen a picture of the Chordas automobile and had made measurements of a Plymouth automobile identical with the one shown in the picture, and he was then asked to give the measurements of the front seat. This question was objected to and excluded by the court on the ground that the Chordas automobile had been owned for a considerable time and it was not shown whether the seat had been altered in any manner. While we think that the court might properly have admitted the testimony, we do

not predicate reversible error on this ruling. " 'The principle is well settled that where the admissibility of evidence depends upon a preliminary question of fact, to be tried by the court, its decision is not to be reversed unless in a case of clear and manifest error.' " *Williams* v. *Perrotta,* 95 Conn. 529, 533, 111 Atl. 843; *State* v. *Willis,* 71 Conn. 293, 313, 41 Atl. 820.

There is error and a new trial is ordered.

In this opinion the other judges concurred.