IDA G. CUNEO *v.* CONNECTICUT COMPANY ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

648

Argued October 4th—decided November 1st, 1938.

*Raymond E. Baldwin,* for the appellant (named defendant).

*John Keogh, Jr.,* with whom was *John Keogh,* for the appellee (plaintiff).

*Harry R. Sherwood* and *Hereward A. Wake* appeared for the appellee (defendant Reynolds) but, at the suggestion of the court, did not argue the cause.

JENNINGS, J.   The plaintiff, a passenger on a Connecticut Company bus, was injured while the bus was being operated by the other defendant, Clement E. Reynolds.   The Connecticut Company, hereinafter referred to as the defendant, appeals from the denial of

its motion to set aside the verdict and from the judgment, claiming that the court erred in refusing to charge as requested and in the charge as delivered. It claims that there was no evidence from which the jury could have found the defendant negligent and that even if negligence was found it was not, under the evidence, the proximate cause of the injury. The second question, that of proximate cause, is also raised with reference to the charge.

A comparison of the statement in the plaintiff's brief of the facts which the jury could reasonably have found with the evidence and with the defendant's statement shows that the situation could hardly be more clearly and concisely stated. It is as follows: "On the evening of February 17, 1936, the plaintiff was a passenger on a bus of the defendant The Connecticut Co. which was proceeding on a scheduled run from Bridgeport to Norwalk on the Boston Post Road, and which was traveling in a general westerly direction. As the bus approached a point on the Post Road near Turkey Hill Road in Greens Farms, town of Westport, the driver had his attention called to a fire hose which was stretched diagonally across the road from a burning gasoline station on the north side of the road, in a southwesterly direction to a hydrant on the south side of the road. The hose was feeding water to a fire, and was fully inflated at the time. Traffic going in both directions was stopped. The bus driver stopped the bus on the left, or south side of the road, in close proximity to, and almost opposite a burning gasoline station. After a short time he left the bus with the motor running. He did not leave anyone in charge of the bus, although he knew that there was a fellow employee of The Connecticut Company in the bus. The driver was gone from the bus approximately from ten to fifteen minutes. The bus

was left in a perilous position due to the proximity to the burning gasoline station, of which there was danger of an explosion, and also due to the fact that it was abandoned on the traveled portion of the highway in the way of traffic. There was ample space in which the bus could have been parked off the traveled portion of the highway, either on the north side of the road to the east of the fire, or off the south side of the road. While the bus driver was away from the bus, a person in uniform shouted that the bus should be moved, and that there was danger of an explosion. While the bus had been stopped, traffic going in both directions accumulated, and while the bus driver was away from the bus the hose had stopped feeding water to the fire, and had become deflated, following which, traffic began moving in both directions and on both sides of the bus. The defendant Clement E. Reynolds, a passenger in the bus, hearing the shouts about moving the bus and the danger of an explosion, got into the driver's seat and drove it across the hose over to the north or right side of the road and to the west, and not being familiar with the mechanisms of the bus, suddenly jammed the air brakes, with the result that the plaintiff was thrown violently off the seat into the air, against a stanchion, and to the floor, receiving severe and permanent injuries, for which she seeks recovery in this action." While there was a conflict in the testimony as to whether the bus stalled when Reynolds first attempted to start it, the plaintiff's evidence justifies the last sentence quoted.

In view of the high degree of care exacted of common carriers of passengers for hire (*Robinson* v. *Connecticut Co.*, 122 Conn. 300, 301, 189 Atl. 453) no extended discussion of the defendant's negligence is required. The jury could reasonably have found that the bus was stopped in a place dangerous both because

of the fire and the traffic hazard and that it was left unattended with the engine running contrary to a rule of the public utilities commission, in evidence. The possibilities of exercising a higher degree of care than that shown by this course of conduct are too extensive to justify elaboration.

The mere statement of this situation also disposes of the defendant's claim that the acts of the driver constituted merely a condition out of which the plaintiff's injuries arose and for the creation of which no legal liability rested on the defendant. Paraphrasing the rule stated in *Kryger* v. *Panaszy*, 123 Conn. 353, 358, 195 Atl. 795, the fact that the defendant was negligent is still a ground of recovery rather than a mere condition if the plaintiff's harm results from a hazard because of which the defendant's conduct was negligent. It was at least a question for the jury whether or not the conduct of the defendant was a condition merely.

The question whether the original negligent act was the proximate cause of the injury is, as usual in close cases, more difficult. Proximate cause is ordinarily a question of fact. *Nichols* v. *Watson*, 119 Conn. 637, 640, 178 Atl. 427; *Boileau* v. *Williams*, 121 Conn. 432, 439, 185 Atl. 429. When, as here, the situation is complicated by the presence of another cause, it is still a question of fact if, taking all the circumstances into consideration, the jury could reasonably find that the original act was a substantial factor in causing the injury. *Mahoney* v. *Beatman*, 110 Conn. 184, 196, 147 Atl. 762. It is only when it can be said as a matter of law that the new act breaks the sequence from original cause to final injury, that the question may be taken from the jury. *Mahoney* v. *Beatman*, supra. Few subjects have caused more trouble to courts and legal

philosophers than this. The cases on the subject are innumerable and the discussions interminable. The factual basis in this case fortunately brings its decision squarely within the principles laid down in our own decisions.

In *Lombardi* v. *Wallad,* 98 Conn. 510, 518, 120 Atl. 291, the defendant negligently left a fire burning and unguarded in a place where he knew children were accustomed to play. In his absence a boy took a burning stick from the fire and set fire to the dress of a girl, who was burned to death. At page 517 the court said: "The mere fact that the act of another person concurs, co-operates or contributes, in any degree whatever in producing the injury, is of no consequence; . . . The intervening cause either must be a cause, whether intelligent or not, which so entirely supersedes the operation of the defendant's negligence that it alone, without his negligence contributing thereto in any degree, produces the injury; or it must be the non-concurring culpable act of a human being who is legally responsible for such act." And at page 519: "If it [the act of the boy] might be called an 'independent cause,' it did not break the causal connection or interrupt the natural sequence; it rather co-operated with the original negligence to make it the efficient cause; for it was Wallad's carelessness which provided the abandoned fire which the boy used and by his co-operation made effective." So here, the jury might reasonably have found that it was the driver's carelessness which provided the abandoned bus which Reynolds used and by his co-operation made effective. The case at bar is governed by the *Wallad* case. See also *Burbee* v. *McFarland,* 114 Conn. 56, 61, 157 Atl. 538. There was no error in refusing to set aside the verdict on any of these grounds.

The defendant's brief treats the appeal from the denial of the motion to set aside the verdict and from the judgment together, and the discussion above applies largely to the latter appeal. Since the verdict was proper under the evidence, the only remaining inquiry is whether the case was submitted with proper instructions. While the charge must be tested by the finding (*Tuckel* v. *Hartford,* 118 Conn. 334, 336, 172 Atl. 222) a recital of the facts claimed to have been proved by the respective parties would practically amount to a repetition of the statement of facts above. The only differences between the claims of the plaintiff and defendant material to this appeal were that the defendant claimed the ignition key could not be removed from the switch, that the motor was shut off by the driver and that the bus stalled on Reynolds' first attempt to start it.

The defendant assigns as error failure to charge requests covering three pages of the printed record. With the exception of one paragraph not pursued on the brief, apparently because it was, in effect, included in the charge, they consist of paraphrases of the wording in the case of *Mahoney* v. *Beatman,* supra, including the dissenting opinion. A comparison of these requests with the charge as delivered shows that they were substantially complied with. The only charge complained of is an almost verbatim copy of one of the defendant's requests. The charge should be read as a whole. *Bernier* v. *Woodstock Agricultural Soc.,* 88 Conn. 558, 564, 92 Atl. 160. "A charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding them to a correct verdict in the case." *Amato* v. *Desenti,* 117 Conn. 612, 617, 169 Atl. 611.

Tested by these rules, the charge was correct in law and adequate for the guidance of the jury.

There is no error.

In this opinion the other judges concurred.