THERESA S. COSGROVE, ADMINISTRATRIX (ESTATE OF WILLIAM J. COSGROVE) *v.* MORRIS SHUSTERMAN ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued January 9—decided February 17—reargued May 7—
amended opinion filed May 22, 1942.

(1)

Joseph F. Berry, for the appellant (defendant Carlson).

M. J. Blumenfeld, for the appellant (named defendant).

Joseph P. Cooney, with whom, on the brief, was John P. Cotter, for the appellee (plaintiff).

BROWN, J. In the appeals each defendant claims that the court erred in denying his motion to set aside the verdict and in charging the jury. The jury could reasonably have found these material facts: Zion Street in Hartford runs north and south, and Arnold Street on a slight ascending grade enters it from the west. On March 8, 1941, the ground was covered with a fairly heavy fall of snow, which was packed down on Zion Street but not on Arnold Street. A panel body bakery truck, operated by Shusterman, had become stuck in deep snow on Arnold Street about two hundred feet west of the intersection, just as the plaintiff's decedent happened along on foot. Seeing Shusterman's predicament the decedent stopped to lend a hand in moving the truck. After they had gotten it started, the decedent, who was a stranger to Shusterman, jumped on the left running board, and while he remained in that position holding on to the

left door, the window of which was open, the truck proceeded towards the intersection at a speed of about seven miles per hour. Just at this time an employee of the defendant Carlson was driving a twenty-ton tractor trailer southerly on Zion Street at about twenty-five miles an hour. Each vehicle was approaching the intersection at approximately the same time. Upon seeing the bakery truck turn to its right to proceed southerly on Zion Street, Carlson's employee endeavored to avoid a collision by turning his vehicle slightly to his left, but the trucks came together a few feet south of the intersection, and this resulted in the crushing and subsequent death of the decedent. His body as he stood on the running board partially obstructed Shusterman's view to the left. Shusterman did not see the tractor trailer until just before the impact.

Upon the appeals from the denial of the motions to set aside the verdict, each of the defendants concedes that the jury could properly have found that his truck was operated negligently, but both contend that the decedent as matter of law was guilty of negligence which was a proximate cause of his injuries. The plaintiff, in opposition, bases his argument quite largely upon the rule thus stated in the Restatement, 2 Torts, § 468: "The fact that the plaintiff has failed to exercise reasonable care for his own safety does not bar recovery unless the plaintiff's harm results from a hazard because of which his conduct was negligent." This rule operates within a rather restricted field. The same circumstances which might involve its application may make possible a solution of the question of liability by the application of the principles of proximate causation. It is easy to confuse the two, and it may fairly be said that in our opinions we have not adhered to the distinction be-

tween them. The first application of the rule in this state was in *Smithwick* v. *Hall & Upson Co.,* 59 Conn. 261, 21 Atl. 924, where the plaintiff, working on a platform next to a building, took a position which, by reason of slippery footing and lack of railing, was more dangerous than that in which he had been instructed by his foreman to stand, and was struck and injured by the fall of the wall of the building due to the negligence of the defendant. The opinion in that case, from which one of the illustrations of the rule in the Restatement is apparently taken, discusses the question from the standpoint of negligence on the part of the plaintiff, and then goes on to consider whether the position of the plaintiff on the platform could be held to be a proximate cause of the accident, treating the questions as distinct. Subsequently we had three cases where the circumstances were such that the rule might have been invoked, but it was not in terms applied and we decided them upon principles of causation. *Guilfoile* v. *Smith,* 97 Conn. 271, 116 Atl. 237; *Montambault* v. *Waterbury & Milldale Tramway Co.,* 98 Conn. 584, 120 Atl. 145; *Worden* v. *Anthony,* 101 Conn. 579, 126 Atl. 919. In the *Montambault* case, however, we referred to and quoted from the portion of the opinion in the *Smithwick* case which discusses the rule we are considering, and in that case and in the *Worden* case we considered to some extent the question whether the plaintiff ought reasonably to have foreseen the risk which resulted in the injury suffered, an element having no proper place in determining proximate causation. *Corey* v. *Phillips,* 126 Conn. 246, 255, 10 Atl. (2d) 370.

The first case in which we considered the application of the rule as stated in the Restatement was *Hinch* v. *Elliott,* 119 Conn. 207, 175 Atl. 684, and in that case and the subsequent case of *Kryger* v. *Panaszy,* 123

Conn. 353, 195 Atl. 795, where we also considered it, we treated the rule as pertaining to the question of proximate causation. See also *Cuneo* v. *Connecticut Co.*, 124 Conn. 647, 651, 2 Atl. (2d) 220; *Johnson* v. *Shattuck*, 125 Conn. 60, 64, 3 Atl. (2d) 229. However, in *Kinderavich* v. *Palmer*, 127 Conn. 85, 90, 15 Atl. (2d) 83, we said of the rule, "no question of proximate cause is really involved but where the principle applies the plaintiff has not been guilty of a kind of negligence which the law will regard in determining liability." As pointed out in the *Smithwick* case, the basis of the rule is that the risk from which injury is suffered is one which reasonable foresight by the plaintiff would not have brought within the field of his contemplation, which is the test of negligence and not of causation. When, therefore, the rule is invoked and circumstances justifying its application appear, the first inquiry is, ought the plaintiff reasonably to have foreseen the risk from which his injury resulted, and, if so, was he negligent as to it? The rule applies no farther than in the decision of these questions. Only when they have been answered in the affirmative does the question arise, was the negligence of the plaintiff a proximate cause of his injury?

Assuming that the plaintiff's decedent was negligent in riding on the running board as he did, the question is whether the jury could reasonably conclude that that negligence was not a proximate cause of his injury. In *Nugent* v. *New Haven Street Ry. Co.*, 73 Conn. 139, 46 Atl. 875, the plaintiff was injured while riding on the footboard of an open trolley car, by reason of his head coming in contact with a pole at the side of the track when he leaned back from the car; the space between the car and the pole was adequate for the carriage of passengers on the footboard who exercised reasonable care; and we held (p. 141) that his position

on the running board was to "be deemed not the cause of his injury, but only a condition," but that the trial court might reasonably have concluded that his act in leaning back constituted contributory negligence. In *Guilfoile* v. *Smith,* supra, the deceased was sitting in the rear of an automobile with one leg protruding over the side of the car, and was injured when, by reason of the negligence of the driver, it came in contact with a water tank, and we held that the jury could reasonably have found that the deceased was negligent in riding in the way he did and that that negligence was a proximate cause of the injury. In *Montambault* v. *Waterbury & Milldale Tramway Co.,* supra, the jury might have found that the plaintiff was injured while standing upon the front bumper of a trolley car because of the negligent backing of another car into it, and we held that his position on the bumper was not a proximate cause of his injury. In *Worden* v. *Anthony,* supra, the deceased had taken a position upon the left fender of a slowly moving truck, with a portion of his body extending beyond the side of the truck, and was killed when he was brushed off by another truck which, in passing, came in slight contact with the one upon which he was riding, and we held that the jury could have reasonably found him negligent in riding as he did and that this negligence was a proximate cause of the injury. In *Kryger* v. *Panaszy,* supra, the plaintiff's decedent was riding on the running board of an automobile when the defendant suddenly and without warning backed a truck out of a driveway and struck her, crushing her between the two vehicles, and we held that the jury might have found that her position on the running board was a condition merely of her injury and not a cause of it. In the present case bearing in mind the way in which the truck, on which the plaintiff's decedent was riding, and the trailer

tractor were being operated, we cannot in the light of these decisions hold as matter of law that the injury to him was a "normal" rather than an "extraordinary" result to follow from his conduct. Restatement, 2 Torts, § 433, p. 1168. Lacking this element, we cannot hold that, even though he was guilty of negligence, this was as matter of law a proximate cause of his injury.

Upon reargument the defendant Shusterman has contended that the plaintiff's decedent was negligent in riding on the running board as he did, that under the test determinative of his negligence he should by reasonable foresight have foreseen the risk of injury which was involved and that therefore, under the broader test as to causation made ex post facto in the light of all of the circumstances as they have ultimately appeared, it must follow that his negligence was the proximate cause of his injury. As regards injuries due to the ordinary incidents of traffic conditions, that would probably be so. But where the injuries are brought about by reason of unusual circumstances not ordinarily incident to traffic conditions, the injuries may not be the normal or natural result of the negligence. For example, were the injuries due to the sudden breaking of the steering gear of a car passing on a course far enough from the Shusterman car so that except for this occurrence the decedent would not have been injured, or to his being struck by a passing car as he leaned back to avoid an attempt by Shusterman to push him off, it could properly be found that the happening was one out of the natural train of cause and effect as regards the decedent's negligence in riding as he did, and so that this negligence was not the proximate cause of his injury. Similarly, upon the evidence here, the jury could have found that Shusterman in turning into Zion Street made so wide a swing

that the front of his car was some fourteen feet from his right hand curb, that the driver of the Carlson truck should have given him the right of way but failed to do so and furthermore that except for the unreasonable speed of the Carlson truck the collision would not have occurred. With these facts as a basis the jury could properly have concluded that the decedent's injury was due not to his position on the running board but to the concurring negligent acts, above recited, of the two drivers. In other words they could reasonably have concluded that these were circumstances the happening of which was out of the ordinary and that the decedent's injury was not a normal result of his negligence in riding on the running board. The court did not err in denying the motion to set the verdict aside.

Upon their appeals from the judgment, the principal error claimed by the defendants concerns the court's charge upon proximate cause as related to contributory negligence. The court instructed the jury that it was the decedent's duty to exercise the care which a reasonably prudent person would use under like circumstances, and that in placing himself on the left running board as he did the decedent failed to exercise such care and therefore was negligent; that if this negligence was a proximate cause of, or a substantial factor in bringing about, his own death, he would be guilty of contributory negligence which would bar recovery by the plaintiff. After reiterating that if this negligent conduct of the decedent was a substantial factor in causing, or materially contributed to, his death it would bar recovery, the court continued: "However, if you find that the position of Mr. Cosgrove upon the running board simply afforded an opportunity for negligence of either or both defendants to result in his death, and was not a moving or contributing cause of

his death, then you are entitled to find that his taking that position on the automobile was a mere condition that existed, and not a proximate cause of his death. Even if Cosgrove was negligent . . . in riding on the running board . . . that negligence would not bar his recovering through his administratrix unless it contributed directly to his injury and death, unless his negligence was such that it did materially and essentially, as well as directly, contribute to his injury and death." It further charged: "If that negligence, however, was a mere condition of this accident it would not contribute to his death, but if it co-operated with the negligence of somebody else in an efficient and material manner in causing his death it would amount to contributory negligence. . . . If you decide he was on the running board he would be deemed negligent. If he was negligent, and if that negligence was a material factor in causing his death, his estate is barred of recovery." Near the close of the charge the court again repeated in substance these essentials of the rule as to contributory negligence. The first sentence above quoted, read in connection with the rest of the charge, refutes the defendants' claim that the court failed to point out any distinction between a cause and a condition. As we said in *Kinderavich* v. *Palmer,* supra, 95, the word "condition" really means no more than that the conduct in question is a remote and not a proximate cause, " 'a remote circumstance which merely gave rise to the occasion for the injury.' " This was substantially the language of the charge. We did, however, point out in that case that the word may be misleading. It would be better in a charge to the jury to avoid its use. Also, the court might have advantageously called the attention of the jury to the question whether the injury was an "extraordinary"

as distinguished from a "normal" result of the plaintiff's conduct, as a circumstance to be considered by them. On the whole, however, we cannot hold that the charge was inadequate for the guidance of the jury.

The defendant Shusterman further claims that the court erred in failing to charge the jury concerning supervening negligence of the defendant Carlson. While certain paragraphs in the defendant Shusterman's claims of proof, particularly one that Carlson's driver, after knowing that Shusterman did not see him and would continue on his course, could have avoided the collision by driving his truck to the left, suggest a technical basis for this claim, others of his own claims in connection with claims of the other parties are to the effect that both trucks continued in motion to the time of impact under circumstances rendering the principle inapplicable. The court was under no duty to charge upon this issue.

The only other claim meriting mention is that of the defendant Shusterman that the court erred in leaving it to the jury to determine whether he or Carlson's driver had the right of way, because Shusterman had admitted the allegation in the plaintiff's complaint that Shusterman had the right of way and that Carlson failed to grant it. It is true that in an action against a single defendant facts alleged in the complaint which are admitted by the defendant's answer are "not in issue" at the trial. See *Point O'Woods Association, Inc.* v. *Busher,* 117 Conn. 247, 249, 167 Atl. 546; *Cassidy* v. *Southbury,* 85 Conn. 221, 224, 82 Atl. 198. In this case the allegation that Carlson's driver was negligent in failing to give Shusterman the right of way was denied by Carlson, and it was, therefore, put in issue. That issue could not be determined without considering which of the two had the right of way.

The trial court was right in submitting the issue to the jury.

There is no error.

In this opinion the other judges concurred.