WILLIAM P. NUGENT *vs.* THE NEW HAVEN STREET RAILWAY COMPANY ET AL.

Third Judicial District, New Haven, June Term, 1900.
ANDREWS, C. J., TORRANCE, HAMERSLEY, HALL and THAYER, Js.

In a hearing in damages in an action to recover for personal injuries, competent evidence was offered tending to prove contributory negligence upon the part of the plaintiff.   *Held* that upon the specific facts disclosed by the record the trial court was justified in its conclusion that the plaintiff was guilty of negligence which contributed to his injury, and in rendering judgment accordingly.

This court will not issue an order requiring the trial judge to certify all the evidence, where the finding as made fully and fairly presents every question of law raised by the appellant.

Argued June 12th—decided July 13th, 1900.

ACTION to recover damages for personal injuries claimed to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and heard in damages to the court, *Elmer, J.;* facts found and judgment rendered for the plaintiff for nominal damages only, and appeal by him for alleged errors in the rulings and findings of the court. *No error.*

In this court the appellant, having obtained permission, filed a motion for an order in the nature of mandamus, requiring the trial judge to certify the evidence and to mark the paragraphs of the proposed finding as "proven" or "not proven." *Order refused.*

The case is sufficiently stated in the opinion.

*James P. Pigott* and *Walter J. Walsh,* for the appellant (plaintiff).

*George D. Watrous* and *Harry G. Day,* for the appellees (defendant).

ANDREWS, C. J. The plaintiff claimed to recover damages for an injury he had received by the negligence of the defendant while a passenger on one of its cars. The defendant suffered a default and there was a hearing in damages. The court found and held that the plaintiff was himself guilty of negligence which contributed to his injury, and rendered judgment for nominal damages only. The plaintiff appealed.

We assume that upon the hearing the plaintiff proved that he had received substantial damages. The default admitted his right, *prima facie,* to recover such damages ; and unless the defendant made it appear by a fair preponderance of the evidence, that it was itself free from negligence, or that the plaintiff's own negligence contributed to the injury of which he complained, judgment should have been in favor of the plaintiff. The trial court has found and decides in both these respects against the plaintiff, and specifically, that it was his own contributory negligence "which was the cause of the injury complained of." In point of form that finding

is decisive of the case. In his present appeal the plaintiff insists that that decision is defective and void, for the reason that at the hearing there were erroneous rulings in respect to the admission of evidence, and that the judgment itself was a conclusion to which the court could not lawfully come upon the facts as they are found.

We have taken occasion to examine the finding only so far as it treats of the plaintiff's own negligence. In looking over the rulings on the evidence we do not find any error; clearly none to affect the question we are now considering.

The defendant is a corporation operating a street railway by electricity. A portion of its tracks near Belle Dock is laid along a causeway. At this part of its line the trolley poles, i. e., the poles that support the electric wires, are placed near the track. The plaintiff was on the day named in the complaint a passenger on the foot-board of one of the defendant's cars at this part of the line, and was on the same side where the poles are placed. He leaned back far enough from the side of the car so that his head struck against one of the trolley poles and he received the injury for which the suit was brought. The finding shows that the plaintiff was familiar with the situation, was aware of the proximity of the poles to the track and of the risk attendant upon riding on the foot-board. It is also found that the space between the cars and the poles is adequate for the safe carriage of passengers on the foot-board in the exercise of reasonable care. That the plaintiff was on the foot-board of the car must, on the finding as stated, be deemed not the cause of his injury, but only a condition. *Smithwick* v. *Hall & Upson Co.*, 59 Conn. 261; *McElligott* v. *Randolph*, 61 id. 157. Although he was on the foot-board of the car, if he had not leaned back he would not have been injured. The leaning back was the proximate cause of his injury. The circumstances which led him to so lean back, gathered from the finding, are these : The plaintiff was on the foot-board on the northerly or right-hand side of the car and near the rear platform. There were passengers on that platform, some seated, and two were standing, but there was room there for at least one more passenger. The conductor

came along that foot-board from the forward end of the car towards the rear end collecting the fares. After he had collected the fares from all the passengers up to the rear platform he approached the plaintiff and asked him if he was going to get upon that platform, accompanying the question with a motion of his head towards that platform. The plaintiff replied to this remark and the motion of his head, "No, it is all right, George; go ahead." The plaintiff was then standing, as he had been for some time, facing partly forward, with his left hand on the handle of the rear dash-board, and with his right hand on the upright support attached to the partition between the body of the car and the rear platform. As he replied to the conductor he moved his right hand along further up the upright support, and at the same time threw his head and body backward and out from the car, and the conductor passed up on to the rear platform. In so passing on to the platform the conductor got up under the arm of the plaintiff, brushing against him, but did not push his body out from the car. The situation of the plaintiff at that time may be pretty accurately stated in this way: The conductor desired to collect the fares from those passengers who were on the rear platform. To do so it was necessary for him to get by the plaintiff. If the plaintiff would himself get up on to that platform then the conductor could pass along and attend to his duty. The conductor seems to have suggested this plan to the plaintiff. Had the plaintiff accepted the suggestion he would have escaped all harm. He did not accept, but on the contrary "threw his head and body backward and out from the car," and by his action as well as by his words invited the conductor to pass between him and the car. The throwing back his head and body was the cause of his injury. The trial judge says: "I do not find that it was the negligence or the overt act of the conductor that caused the plaintiff to place himself in a position of danger." This finding, stated conversely, is that the plaintiff threw back his head and body of his own choice and not by any direction or advice of the conductor; and as the plaintiff was fully aware of all the surroundings, and especially

of the nearness of the poles, he made this movement at his own risk. Failure to use and to act upon his own knowledge of the perils to which the movement exposed him was his own negligence. *Fox* v. *Glastenbury*, 29 Conn. 204; *Rowell* v. *Stamford St. R. Co.*, 64 id. 376, 380.

It seems to us that the judgment of the court is warranted by the facts, and that there is no error.

The finding fully and fairly presents every question of law raised by the plaintiff's appeal, and it is apparent that a certification of all the evidence could not affect any question in the case which this court can decide.

There is no error.

In this opinion the other judges concurred, except HAMERSLEY, J., who dissented.

HAMERSLEY, J., (dissenting). The plaintiff claimed that the conduct of the defendant impliedly invited him to ride upon the foot-board, and that the defendant thereby assumed, as to him, the duty of a common carrier to exercise the degree of care in transporting him proportioned to the increased danger to be apprehended from his position on the foot-board. The trial court held that the conduct of the defendant as proved did not support the inference of such invitation, and refused to consider the claim of law based thereon. The facts, and all the facts, from which the inference claimed must be drawn, were settled by the court and stated in the finding of facts on which the judgment is founded. The evidence as to the conduct of the defendant in this respect has been exhausted in the facts already found. The inference of the judge from those facts is subject to the rules of law governing all judicial inference from admitted facts.

I think the court clearly erred in its inference. No conclusion from the facts found is legally permissible except the one claimed, *i. e.*, the defendant accepted the plaintiff as a passenger to ride upon the foot-board. The duty of the defendant to exercise the degree of care proportioned to the manifest danger of carrying passengers in that manner,

is beyond controversy. This error of the court necessarily entered into and vitiated its finding both as to negligence and contributory negligence. It is patent from the whole finding that the conclusions actually drawn are based upon the plainly erroneous conclusion as to the relation of common carrier and passenger. Moreover, it was culpable negligence in the defendant to knowingly assent to any passenger stand-ing on the northerly foot-board while crossing the causeway under the conditions of the construction of the defendant's railroad set forth in the finding .

A new trial should be ordered.