PRATT, READ AND COMPANY ET AL. *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

First Judicial District, Hartford, October Term, 1925.

WHEELER, C. J., BEACH, CURTIS. KEELER and MALTBIE, JS.

Upon motion for reargument, the opinion in the above-entitled case, reported in 102 Conn. 735, examined, explained and affirmed.

Motion decided October 9th, 1925.

MOTION made by the defendant under the provisions of § 42, page 318 of the Practice Book, for a reargument in the case of Pratt, Read and Company *et al.* vs. The New York, New Haven and Hartford Railroad Company, reported in 102 Conn. 735. *Motion denied.*

*Arthur T. Keefe,* with whom, on the brief, was *Charles L. Smiddy,* for the plaintiff Pratt, Read and Company.

*George C. Morgan,* with whom was *Abel P. Tanner,* for the plaintiff Jabez W. Rogers.

*James W. Carpenter,* for. the defendant.

PER CURIAM. The motion for reargument is based upon the proposition· that General Statutes, § 3660, contemplates that the Public Utilities Commission may make not merely an affirmative order requiring gates, flagmen, etc., but a negative order prohibiting either.

We did not and cannot now construe this statute as giving the Commission power to make a negative order of this character. We did not overlook the distinction the defendant attempts to draw between General

Statutes, §§ 3660 and 3661, and §§ 3792-3796. We do not think it exists, but that the principle announced in the decision is equally applicable to both methods of protection to travelers about to cross the grade-crossing.

Counsel for defendant assert that the court overlooked the distinction between the decision in *Dyson* v. *New York & N. E. R. Co.*, 57 Conn. 9, 17 Atl. 137, and subsequent decisions, in that the *Dyson* decision applied the principle of the exclusiveness of the statutory standard to §§ 3660 and 3661 as well as to §§ 3792-3796, while subsequent decisions apply it to §§ 3660 and 3661, but not to §§ 3792-3796. Our decisions make no such distinction.

Counsel for defendant assert that the decision of the court herein by necessary implication binds this defendant to comply with the order of the Commission or be subject to a penalty, and at the same time subjects it to an assessment of damages at the hands of the jury because of its failure to violate the Commission's order. This conclusion misreads the opinion. It is not susceptible of implication leading to that result.

Defendant's argument in support of its motion for a reargument is at variance with its claim in its brief in the argument on appeal, which was: "The court did not err in charging the jury that under ordinary circumstances the defendant's compliance with the required statutory signals completely discharge its duty save for exceptional circumstances, for in so doing, the decisions of this court were followed. In fact, there were no exceptional circumstances in this case which justified the court in leaving to the jury the question as to whether extra warning signals, other than those provided in the statute, should have been

given, but of this error the appellants cannot complain."

The case involved is one where the Commission had made no order as to gates, flagmen, etc.

We found error in the charge: "I charge you that this was not negligence on the part of the railroad, in failing to provide these signals at the crossing. There was no duty on the defendant under the circumstances disclosed by the evidence to provide gates or a flagman or an electric signal at this crossing. The absence of a flagman at this crossing, and of a crossing signal, bell, or of gates, or of any other form of protection, does not of itself constitute a ground of negligence for which the defendant can be held liable, for the special designation by the statute of the whistle and bell signals excludes any obligation of providing other signals. In this State the legislature has assumed the regulation of this matter by providing specifically what signals shall be given of the approach of trains to crossings, and by instructing the Public Utilities Commission to require other signals at crossings when they shall deem them necessary for the protection of the public."

The only questions involved in the motion of any substantial merit were before the court in deciding this case and given due consideration. The motion for a reargument is therefore denied.