WILLIAM KINDERAVICH *v.* HOWARD S. PALMER ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 3—decided June 13, 1940.

*Edwin H. Hall,* with whom was *James W. Grady,* for the appellants (defendants).

*William H. Burland,* with whom was *Meyer L. Kravitz,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff brought this action to recover for injuries suffered when he was run over by a train of the railroad company represented by the defendant trustees. The finding states that he offered evidence to prove and claimed to have proved that at the place of the accident the railroad is double tracked; that he was proceeding over the tracks at a crossing; that he had passed over the westbound track and was thereafter struck by a train of the defendants on the eastbound track; that he was thrown backward and landed between the rails on the westbound track at a point thirteen feet east of the crossing; that he lay there in an unconscious condition for approximately twelve minutes on his back; and that as he lay there a train of the defendant's on the westbound track ran over him, severing his left arm at the shoulder. The defendants claim that there was no evidence upon the basis of which the plaintiff could reasonably claim to have proved that after being struck by the first train he lay on the track in an unconscious condition until run over by the second train, and also that photographs in evidence of the engine of that train establish that it could not have run over him and caused injuries only to the extent of those he suffered. No eye-witness of the accident testified in court and the defendants do not claim that there was not evidence from which it could reasonably be found that the plaintiff was unconscious after being struck by the first train. It is to be remembered that under such circumstances as the evidence disclosed to exist here, the jury were entitled to draw any reasonable inference from the facts in evidence. *Kotler* v. *Lalley,* 112 Conn. 86, 90, 151 Atl. 453; *Peterson* v. *Meehan,* 116 Conn. 150, 153, 163 Atl. 757; *Dumochel* v. *Becce,* 119 Conn. 175, 177, 175 Atl. 569. The position of the plaintiff's body after the accident, lying on its back

between the rails of the track with the left arm over one rail and, as one witness testified, "crushed" to it, would in itself justify the jury in inferring that he was lying on the track as he claimed when run over by the second train and was not, as the alternative suggested by the defendants, struck while he was wandering about in a dazed condition; and the photographs of the engine in evidence cannot be held as matter of law to establish that this was not so in the absence of any direct testimony as to the height of its cowcatcher above the bed of the track and the thickness of the plaintiff's body.

The jury returned a verdict for the defendants which the trial court set aside because it was of the opinion that it had erred in its charge to the jury. It instructed them quite fully upon the issue of contributory negligence by the plaintiff and then charged them that if he was guilty of contributory negligence this "would extend right through and bar a recovery." If the plaintiff was rendered unconscious when he was struck by the first train, that contributory negligence would have to do with conduct on his part which contributed to the first accident. The effect of the charge was that if the plaintiff was guilty of such contributory negligence it would, as matter of law, prevent him from recovering for the injuries suffered when he was run over by the second train. The trial court, in its memorandum of decision setting the verdict aside, stated that it was then of the opinion that even though the jury found that the negligence of the plaintiff was a contributing cause of the first accident, whether that negligence was such as would bar him from a recovery for the injuries suffered when he was run over by the second train was a question of fact for their determination; and that they might have found that this negligence was not a proximate cause of his being run

over. The defendants, on the other hand, claim that the charge as given was correct; and that in such a situation as disclosed in this case the only way in which the plaintiff could recover in view of his negligence as regards the first accident would be under the doctrine of last clear chance. The contrasting views of the trial court and the defendants and the scope of the argument before us suggest the desirability of restating, to some extent, the doctrine of proximate cause as it is applied to the negligence of a plaintiff.

The term "proximate cause" has not always been used with precision of meaning in our decisions. Sometimes we have stated that particular conduct claimed to be negligent was not the proximate cause of injuries when in fact it was not a cause at all, proximate or remote, where it had "no real connection" with the injuries suffered. *Delinks* v. *New York, N. H. & H. R. Co.*, 85 Conn. 102, 111, 81 Atl. 1036. Thus in *Radwick* v. *Goldstein*, 90 Conn, 701, 708, 98 Atl. 583, the fact that the driver of an automobile violated a statute limiting speed in passing a street railway car, in the absence of some further evidence establishing a connection between that act and his running into a boy on a bicycle at a point some distance beyond the railway car, was held not to be of any consequence in determining liability. See also *Coffin* v. *Laskau*, 89 Conn. 325, 329, 94 Atl. 370. In *Grzys* v. *Connecticut Co.*, 123 Conn. 605, 611, 198 Atl. 259, it was held that a violation of a regulation of the public utilities commission as to the maximum permissible width of buses was of no consequence where the excess width played no part in producing the accident or consequent injuries. See also *Guilfoile* v. *Smith*, 95 Conn. 442, 444, 111 Atl. 593. Within the same category, also, fall those situations where the accident resulting in the injury would have happened whether or not the act

or omission in question had occurred. *Shaughnessy* v. *Morrison*, 116 Conn. 661, 666, 165 Atl. 553; *Papineau* v. *Hefflon*, 118 Conn. 688, 689, 171 Atl. 509; *Baum* v. *Atkinson*, 125 Conn. 72, 75, 3 Atl. (2d) 305.

Again we have used the words in relation to a situation where the plaintiff was not guilty of contributory negligence at all, as where he fell upon a street railway track by reason of incapacity resulting from a cerebral thrombosis. *King* v. *Connecticut Co.*, 110 Conn. 615, 617, 149 Atl. 219. So, too, they have been used with reference to conduct which might have been negligent in regard to a certain hazard but was not negligent with reference to the particular risk which resulted in the injury. See *Hinch* v. *Elliott*, 119 Conn. 207, 209, 175 Atl. 684; *Kryger* v. *Panaszy*, 123 Conn. 353, 358, 195 Atl. 795; *Hassett* v. *Palmer*, 126 Conn. 468, 477, 12 Atl. (2d) 646. Within this class we have placed the cases of *Smithwick* v. *Hall & Upson Co.*, 59 Conn. 261, 269, 21 Atl. 924, and *Montambault* v. *Waterbury & Milldale Tramway Co.*, 98 Conn. 584, 589, 120 Atl. 145. *Worden* v. *Anthony*, 101 Conn. 579, 583, 126 Atl. 919. In such situations no question of proximate cause is really involved but where the principle applies the plaintiff has not been guilty of a kind of negligence which the law will regard in determining liability. Thus the Restatement, 2 Torts, § 468, treats this principle under the head of contributory negligence and not that of causation. To extend this doctrine to make it a test of proximate causation, as we did in *Cuneo* v. *Connecticut Co.*, 124 Conn. 647, 651, 2 Atl. (2d) 220, and *Johnson* v. *Shattuck*, 125 Conn. 60, 64, 3 Atl. (2d) 229, is not strictly accurate although the decisions in those cases were undoubtedly sound.

There is another type of case where contributory negligence will not be regarded as a proximate cause of the injuries sustained which is illustrated by *Smith*

v. *Connecticut Ry. & Ltg. Co.*, 80 Conn. 268, 270, 67 Atl. 888. In that case the plaintiff, about to drive a vehicle across a street railway track, looked back and saw a trolley car coming two or three hundred feet away; without looking again, he proceeded; when it became apparent to the motorman that the wagon of the plaintiff was about to cross the track the trolley car was some twenty to twenty-five feet away and might easily have been stopped; but the motorman became confused and instead of applying the brakes more effectively, released them, the speed of the car increased, and it ran into the plaintiff's vehicle. The trial court concluded that the plaintiff was negligent but that the defendant was nevertheless liable. We sustained the judgment on the ground that the negligence of the motorman in increasing the speed of the car and not that of the plaintiff was the sole proximate cause of the accident, saying (p. 270): "The act of the intestate was a careless one but, had the speed of the car not been subsequently increased, there would have been no collision between the two vehicles. This increase was not intentional, but it was equally deadly. At a moment when it was apparent that the intestate was about to cross the tracks, and when the car could have readily been stopped, it was allowed by an unskilful act of the motorman to shoot ahead with accelerated velocity. This act was the proximate cause of the intestate's death. The negligence of the latter was not; because after he was guilty of that negligence there arose a new and intervening cause for the collision, without which the accident would not have occurred." In *Nehring* v. *Connecticut Co.*, 86 Conn. 109, 84 Atl. 301, this case was said to illustrate a principle stated in this way (p. 119): "There is, for instance, the occasional case where, after the plaintiff's peril, to which he has carelessly exposed himself or his

property, becomes known to the defendant, the latter introduces into the situation a new and independent act of negligence without which there would have been no injury." On the other hand, we have said that while the doctrine of last clear chance is not available to a defendant, there may be situations in which a defendant may be entitled to claim that a plaintiff's negligence is the sole proximate cause of an accident, where he has failed to avoid it after the defendant had by his negligence come into a position of peril, under conditions like those involved in the doctrine. *Bullard* v. *de Cordova,* 119 Conn. 262, 265, 175 Atl. 673. Such a principle can have little, if any, place in the law of negligence, because negligence of the plaintiff, if it was a proximate cause, would defeat a recovery whether it preceded or followed a negligent act or omission of the defendant.

Again, there are cases where a plaintiff has been guilty of negligence, but that negligence is so inconsequential or remote that the law will not regard it. This is inherent in our adoption of the test for determining whether particular conduct is a proximate cause of an injury, that is, whether it was "a substantial factor in producing" the result. *Mahoney* v. *Beatman,* 110 Conn. 184, 195, 147 Atl. 762; *Smirnoff* v. *McNerney,* 112 Conn. 421, 426, 152 Atl. 399; *Connellan* v. *Coffey,* 122 Conn. 136, 142, 187 Atl. 901. In the *Mahoney* case we said (p. 195): "Causes traced to the end which become of trivial consequence, mere incidents of the operating cause, may be, in a sense, factors, but are so insignificant that the law cannot fasten responsibility upon one who may have set them in motion. They are not substantial factors as operative causes. To be factors of this degree they must have continued down to the moment of the damage, 'or, at least, down to the setting in motion of the final

active injurious force which immediately produced (or preceded) the damage.'" So we have said: "It is not every negligent act or omission of a plaintiff which, though it be causally connected with the injuries, will defeat a recovery"; *Smirnoff* v. *McNerney,* 112 Conn. 421, 425, 152 Atl. 399; and a charge which gives that effect to "any" negligence of the plaintiff is erroneous. *Andrews* v. *Dougherty,* 96 Conn. 40, 46, 112 Atl. 700; *Stickney* v. *Epstein,* 100 Conn. 170, 175, 123 Atl. 1; *De Lucia* v. *Polio,* 107 Conn. 437, 140 Atl. 733; *Yorker* v. *Girard,* 126 Conn. 96, 100, 9 Atl. (2d) 501.

So acts may be so removed in the chain of causation from the actual occurrence producing the injury that they become mere "incidents of the operating cause." *Mahoney* v. *Beatman, supra.* In the leading case of *Nehring* v. *Connecticut Co.,* 86 Conn. 109, 84 Atl. 301, we said (p. 116) that the plaintiff's negligent conduct "must have been of such a character and so related to the result as to entitle it to be considered an efficient or proximate cause of it. If there is a failure to use due care on the part of either party at such a time, in such a way or in such relation to the result that it cannot fairly be regarded as an efficient or proximate cause, the law will take no note of it. *Causa proxima, non remota, spectatur.*" In *Smithwick* v. *Hall & Upson Co., supra,* where the plaintiff was injured by the fall of a wall while standing at a place on a platform fifteen feet above the ground where there was no railing, despite warnings against standing there because of the danger of falling from the platform, we said, referring to the plaintiff (p. 269): "If he had not changed his position he might not have been hurt. And so too if he had never been born, or had remained at home on the day of the injury, it would not have happened; yet no one would claim that his birth or his not remaining at home that day,

can in any just or legal sense be deemed the cause of the injury." So where a passenger in a railroad car awakening suddenly on hearing the announcement of his station, started to the door to find whether the train was about to reach the station and, upon the train starting ahead, he was thrown through the door of the car and because of the absence of protecting gates, fell to the ground and was injured, it was held that the conduct of the plaintiff was not necessarily a proximate contributing cause of his injury. *Hoyt* v. *New York, N. H. & H. R. Co.*, 78 Conn. 709, 712, 63 Atl. 393. In *Nugent* v. *New Haven St. Ry. Co.*, 73 Conn. 139, 140, 46 Atl. 875, where a passenger riding on the running-board of a trolley car, was injured when, leaning backward, he struck his head against a pole beside the track, it was held that his conduct in riding there was not a proximate cause of the accident but that his negligence consisted in his leaning backward.

Where a plaintiff has been guilty of negligence, that negligence will not defeat a recovery if it is only a remote cause of the accident. This may be so even though the conditions necessary for the application of the last clear chance doctrine are not present. We have frequently pointed out that the application of that doctrine presupposes contributory negligence on the part of the plaintiff. *Notarfrancesco* v. *Smith,* 105 Conn. 49, 56, 134 Atl. 151; *King* v. *Connecticut Co.*, 110 Conn. 615, 623, 149 Atl. 219; *Correnti* v. *Catino,* 115 Conn. 213, 216, 160 Atl. 892. By contributory negligence we meant negligence of the plaintiff which, except for the application of the doctrine, would defeat recovery; otherwise there would be no occasion for the doctrine. Where there has been such negligence a plaintiff can recover only when the conditions which bring the doctrine into operation are present. Where,

however, the negligence of a plaintiff is but a remote cause of the accident, those conditions need not be met, because he has not in law been guilty of such negligence as will defeat a recovery. Thus, if by conduct which is only a remote cause of the injury, the plaintiff has placed himself in a position of peril, it is not necessary to a recovery to prove that the defendant saw or should have discovered that this was so and that the plaintiff either could not reasonably escape or apparently would not avail himself of the opportunities open to him to do so. *Caplin* v. *Arndt,* 123 Conn. 585, 588, 197 Atl. 631.

Beginning with *Smithwick* v. *Hall & Upson Co.,* supra, we have not infrequently spoken of conduct having only a remote connection with the production of the accident as a "condition" rather than a cause of the final occurrence. *Nugent* v. *New Haven St. Ry. Co.,* 73 Conn. 139, 141, 46 Atl. 875; *Cuneo* v. *Connecticut Co.,* 124 Conn. 647, 651, 2 Atl. (2d) 220. That prior negligence has resulted in producing a static condition upon which the subsequent negligence operates, may be an important element in determining whether the prior negligence is a remote rather than proximate cause, particularly where the question is whether the prior negligence has been superseded by an intervening independent cause. *Corey* v. *Phillips,* 126 Conn. 246, 256, 10 Atl. (2d) 370. But the term in itself may be misleading because of the suggestion contained in it that when negligent conduct has produced a static condition, it is to be disregarded as regards any accident thereafter following. Properly understood, to say that conduct is a condition rather than a cause of an accident means no more than that it is a remote and not a proximate cause, "a remote circumstance which merely gave rise to the occasion for the injury." *Roden* v. *Connecticut Co.,* 113 Conn. 408, 413, 155 Atl. 721.

Even though negligent conduct has resulted in producing a static condition, and that negligence is not simultaneous with the negligence of the defendant, it may still be a proximate cause of the accident.

To sum up, then, an act or omission of a plaintiff will not debar him from a recovery where it did not constitute negligence as regards the hazard from which his injury resulted. Recovery will not be prevented where such an act or omission did not enter into the occurrence producing his injury as a cause, either proximate or remote, and into this class fall those situations where the accident would have happened whether or not that act or omission had occurred. The statement that an act or omission is a condition and not a cause of an occurrence from which injury results means no more than that it is not a proximate cause of that occurrence. Nor will relief to the plaintiff be defeated where, though he has been negligent, the defendant introduces into the situation a new and independent act of negligence which supersedes that of the plaintiff and becomes the sole proximate cause of the accident. So negligence on the part of the plaintiff may be so inconsequential or so remote that the law will not regard it; and in such cases the plaintiff is not required, in order to recover, to prove the existence of the elements necessary to make applicable the last clear chance doctrine. These principles of law underlie, in the various situations we have discussed, the question of negligence of a plaintiff as the proximate cause of an injury. The ultimate test is, was the plaintiff's act or omission a substantial factor in producing injury, and where the issue is one of fact its submission to the jury upon that basis will ordinarily suffice; *Smirnoff* v. *McNerney,* 112 Conn. 421, 426, 152 Atl. 399; it is only when a further explanation is necessary, in order to enable the jury intelligently to

apply the test in the particular circumstances before the court, that it need go farther.

Turning to the particular situation before us, in *Worden* v. *Anthony*, supra, page 585, we discussed a case where a passing automobile struck a boy who was lying on the fender of a truck proceeding in the opposite direction, and quoted from Clerk & Lindsell on Torts (7th Ed.) 503, as follows: "It may be observed that if a man places his person or property in a position of danger, or establishes a state of things which is or may be dangerous to others, his negligence in creating a source of danger to himself or others continues so long as that source of danger remains unremedied, that is to say, continues down to the very moment of the accident." In *Monroe* v. *Hartford Street Ry. Co.*, 76 Conn. 201, 207, 56 Atl. 498, we held that the violation by the driver of a vehicle of an ordinance forbidding the leaving of a horse unhitched in a street might be found to be a proximate cause of damages resulting from the vehicle to which it was harnessed being struck by a car of the defendant although the driver had evidently left it there for some time. In *Tullock* v. *Connecticut Co.*, 94 Conn. 201, 204, 108 Atl. 556, men engaged in changing an automobile tire so close to a street railway track as to be struck by a car running on it and remaining there long enough nearly to finish the work were held guilty of contributory negligence, although verdicts for the plaintiffs were sustained on the last clear chance doctrine. So we have held that it may be contributory negligence to leave an automobile parked upon the highway without proper lights. *Porto* v. *Consolidated Motor Lines, Inc.*, 117 Conn. 681, 169 Atl. 48; *Frisbie* v. *Schinto*, 120 Conn. 412, 181 Atl. 535; and see Restatement, 2 Torts, 1252. In these cases, to be sure, it lay in the power of the person creating the dangerous

98

situation to remedy it at any time, and in a sense the negligence was continuing. To come a bit closer to the case before us, in *Carlson* v. *Connecticut Co.*, 95 Conn. 724, 727, 112 Atl. 646, and *Hurley* v. *Connecticut Co.*, 118 Conn. 276, 281, 172 Atl. 86, we held that a plaintiff lying upon the tracks of a street railway company asleep or intoxicated would, in the absence of explanation, be guilty of contributory negligence which would defeat a recovery as matter of law.

There is, however, a vital distinction between such cases as those last cited and the one before us. In the case before us, the negligence of the plaintiff, if any, consisted in going upon the tracks when the eastbound train was approaching, under such circumstances that he knew or should have known that there was danger that he would be struck by it, but it was unrelated to the risk of injury from being run over by another train proceeding in the opposite direction after he had been thrown upon the track and lay there in an unconscious condition. Being unconscious, he could not be charged with negligence in failing to avoid being run over by the second train; he was not there of his own volition. *King* v. *Connecticut Co.*, 110 Conn. 615, 617, 149 Atl. 219. If the jury found that the plaintiff was rendered unconscious by being struck by the first train and so remained upon the track for some minutes until run over by the second train, any negligence of which he might have been guilty in not avoiding the first train would not, at least in the absence of further circumstances, prevent his recovery for the injuries suffered from the latter train.

The trial court, in granting the motion to set aside the verdict, relied upon *Isbell* v. *New York & N. H. R. Co.*, 27 Conn. 393, 406, and *McKeon* v. *Steinway Ry. Co.*, 47 N. Y. S. 374. The decision in the *Isbell* case was stated in *Nehring* v. *Connecticut Co.*, supra,

115, to be an early application of the last clear chance doctrine. The *McKeon* case, which upon its facts was quite analogous to the one before us, has also been treated in later New York cases as exemplifying the same doctrine. *Hallock* v. *New York, O. & W. R. Co.,* 197 N. Y. 450, 454, 90 N. E. 1124; *Johnson* v. *Interborough Rapid Transit Co.,* 183 N. Y. S. 224, 226; *Bisogno* v. *New York Rys. Co.,* 185 N. Y. S. 411, 415. However, in *Sherman* v. *Millard,* 259 N. Y. S. 415, 421, the *McKeon* case was cited without reference to that doctrine in support of a recovery by a plaintiff who, in a dazed condition from being struck by one automobile, was subsequently struck by another, upon the ground that any negligence of which she was guilty as regards the first accident was a remote cause of her injuries in the subsequent accident, and that her condition after the first accident was such that she could not be charged with negligence as to it.

It follows that the charge of the trial court did not properly submit the issues to the jury as regards one of the most important questions in the case and there was sufficient ground for its action in setting the verdict aside.

It also was of the opinion that it had committed error in not charging the jury as to the last clear chance doctrine. From the finding it appears that at some time toward the close of the trial, apparently after plaintiff's counsel had made his opening argument to the jury, a discussion occurred during which counsel informed the court that he proposed to rely on the doctrine, but the trial court, stating that the case, as it viewed the situation, had been tried solely upon the theory of "straight negligence," ruled that as there was no support for the application of the doctrine in the complaint, it would not submit it to the jury. Upon no reasonable construction of the complaint

could it be read as stating facts which would make the doctrine applicable. While the complaint need not refer to the doctrine by name, in order to make it an issue in the case, facts must be stated which fairly apprise the trial court and defendant that it will be invoked and afford a basis for a conclusion of liability based upon it. *Tardieu* v. *Connecticut Co.*, 113 Conn. 94, 95, 154 Atl. 183; *Correnti* v. *Catino*, 115 Conn. 213, 215, 160 Atl. 892; *Boyd* v. *Geary*, 126 Conn. 396, 12 Atl. (2d) 644. In so far as *Mezzi* v. *Taylor*, 99 Conn. 1, 10, 120 Atl. 871, holds to the contrary it is over-ruled. The trial court was not in error in refusing to submit the doctrine to the jury.

In the course of the discussion between the court and counsel above referred to, counsel for the plaintiff asked permission of the court to amend the complaint to furnish a basis for invoking the doctrine but the court refused that permission. It is claimed in the brief of plaintiff's counsel that this was error, but the record affords no basis upon which to consider that matter. In any event it probably would serve no purpose to do so as the plaintiff will have ample opportunity before a new trial is had of seeking permission to make any proper amendment to the complaint.

A bill of exceptions filed by the plaintiff claims that various errors were committed in the charge of the court. None of them are such that their discussion would be likely to be helpful upon a retrial, with a single exception. The trial court in effect instructed the jury that if the operators of the railroad train complied with the requirements in the statutes as to warnings when it was approaching a crossing, it could not be held negligent in failing to take other precautions, and, if the signals required were given, speed alone could not be made the basis of liability. The law is that compliance with statutory requirements as

to signals and speed will ordinarily be sufficient, but that there may be circumstances of unusual danger where something more in the way of safeguards may be necessary to absolve the operators of a railroad train from the charge of negligence. *Pratt, Read & Co.* v. *New York, N. H. & H. R. Co.*, 102 Conn. 735, 744, 130 Atl. 102; s. c. 103 Conn. 508, 131 Atl. 395. The trial court recognized this in its charge but stated in effect that there were no special circumstances in this case which imposed any duties upon the defendants beyond those required by the statute, and in that it was correct. The plaintiff's claims of proof were that the train had stopped about one thousand feet from the crossing, had then started and at the time of the accident had attained a speed of about ten miles an hour. There were no circumstances claimed to have been proved upon which the jury could reasonably have found that the operators of the train were negligent merely because of the speed at which it was proceeding. *Elliott* v. *New York, N. H. & H. R. Co.*, 83 Conn. 320, 323, 76 Atl. 298.

There is no error.

In this opinion the other judges concurred.