HUBERT C. TROMBLY, ADMINISTRATOR (ESTATE OF DOROTHY I. ALIX) *v.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and DALY, Js.

Argued December 7, 1950—decided January 23, 1951

*Frank A. Francis,* with whom were *John J. Devine*

and *Edward J. Turbert, Jr.,* for the appellant (plaintiff).

*Thomas J. O'Sullivan,* with whom was *Edwin H. Hall,* for the appellee (defendant).

INGLIS, J.   This case arose out of a collision between a passenger automobile and the engine of a freight train at a grade crossing.   The assignments of error are directed to the charge and to certain rulings on evidence.   The facts claimed to have been proved by the plaintiff, in so far as they are relevant to the assignments of error in the charge, may be briefly stated.

The accident occurred in the early evening of April 29, 1949.   The plaintiff's intestate, Dorothy I. Alix, was riding in a car driven by her husband, Wilfred R. Alix, which was proceeding in an easterly direction on route 20 in the town of Granby.   As the car neared the point where the tracks of the defendant company cross the highway at grade, a freight train was approaching from the north.   The right front of the locomotive struck the left side of the automobile and as a result both of its occupants were killed.

To the north of the highway was a low embankment.   Its crest ran nearly parallel with and about forty feet north of the highway.   It started approximately 100 feet west of the track, where it was only a few inches higher than the highway, and rose gradually until, at a point 390 feet west of the track, it was two feet above the highway.   On top of the embankment was a four-foot wire fence.   The area north of the fence was an open field in which a number of oak trees, bushes and weeds were growing, so that the view northerly from the highway to the track was impeded.

Route 20 was constructed as a state highway in 1940.

Prior to that time it was a dirt road. The traffic over it increased from an average of 125 cars a day in 1939 to an average of 720 cars a day in 1947. The warning devices on the approach to the crossing from the west at the time of the accident had been installed in 1940. They consisted of two signs. One of these, 400 feet west of the track, was a circular yellow sign on which a cross and "R R" appeared in black, with reflecting buttons. The other, ten feet west of the track, consisted of two cross arms, one marked "Railroad" and the other "Crossing." Such signs were an inadequate warning under the conditions existing on April 29, 1949.

The first assignment of error is that the trial court failed to comply with a request to charge filed by the plaintiff. The gist of the request was that, although the duty of a railroad company to provide adequate protection at a grade crossing is ordinarily satisfied by complying with the legislative requirements as to warning devices, nevertheless, "if the jury finds that road hazards on Route 20, East Granby, Connecticut have materially and substantially increased since the time of the installation of the standard cross arm warning device present at the time of the accident and the defendant knew or should have known of the increase, it is the jury's duty to determine what, if any, additional signals or precautions should have been maintained by the defendant in order to fulfill its duty of providing a reasonably safe crossing." This request has a double aspect. In the first place, although inaccurately stated, it invokes the principle enunciated in *Pratt, Read & Co.* v. *New York, N. H. & H. R. Co.*, 102 Conn. 735, 750, 130 A. 102, and *Kinderavich* v. *Palmer*, 127 Conn. 85, 100, 15 A. 2d 83. That is that the duty of a railroad company to use reasonable care to provide a reasonably safe grade crossing is ordinarily satisfied if it complies with statutory requirements and the orders

of the public utilities commission, but that there may be circumstances of unusual danger where something more in the way of safeguards may be necessary to absolve the operators of a railroad train from the charge of negligence. The trial court fully and accurately complied with this aspect of the request. In the second place, the request was calculated to implant in the minds of the jury the idea that there was a correlation between an increase in traffic over the highway and an increase in the number of warning devices required — that an increase in traffic necessarily compels an increase in warning devices. Such is not the law. The question with which the jury was concerned was what in the way of warning devices was reasonably required at the time of the accident in view of the traffic and other conditions as they were at that time, irrespective of what the traffic had been and what warning devices had been maintained nine years before that time. The trial court, in discussing the evidence, instructed the jury that the increased traffic on the highway was a fact to be taken into consideration in determining whether the defendant was negligent in not providing more or different warning signals, and that was all that the plaintiff was entitled to on the subject.

Error was also assigned in the failure of the trial court to comply with a request to charge that negligence of the operator of the automobile was not to be imputed to the plaintiff's decedent. Such a charge would have been required only if the defendant were making the claim that its defense of contributory negligence could be made out by such an imputation of negligence. Neither its answer nor its claims of proof indicate that it made any such claim. However that may be, the matter was actually covered adequately and correctly in the charge as given. The remaining assignments of

error in the charge call for no discussion, because they are predicated neither on any request to charge nor on any exceptions. Practice Book § 156.

The rulings on evidence of which the plaintiff complains relate to the admission as exhibits of three panoramic photographs of the scene of the accident, each made up of two or three separate exposures fitted together. Before each was admitted, there was testimony that it accurately portrayed what it purported to show. When the trial court became satisfied that that was true, it was proper to admit the photographs, irrespective of the mechanics by which the accurate portrayal had been produced. *Cunningham* v. *Fair Haven & W. R. Co.*, 72 Conn. 244, 249, 43 A. 1047; *Crowell* v. *Middletown Savings Bank*, 122 Conn. 362, 370, 189 A. 172; *Cagianello* v. *Hartford*, 135 Conn. 473, 474, 66 A. 2d 83.

There is no error.

In this opinion the other judges concurred.