HOWARD J. STRATTON v. THOMAS E. CAFFYN ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 16-628-1553

Argued June 1—decided November 17, 1964

*Charles F. Dana,* of East Hartford, for the appellants (defendants).

*James N. Egan,* of Hartford, for the appellee (plaintiff).

PRUYN, J. The court found the following facts: On August 27, 1961, at about 1:30 a.m., Robert E. Siegler was operating his 1961 Oldsmobile station wagon southerly in the right-hand or westerly lane in the town of East Windsor on route 91, a four-lane, limited-access highway with an esplanade separating the two northbound lanes from the two southbound lanes. Attached to the rear of his station wagon was a boat trailer and boat thereon, the trailer and boat extending sixteen feet behind the rear of the station wagon. Siegler was driving at

about forty miles an hour. The posted speed limit was fifty-five miles an hour. The night was dark, the weather rainy and the highway slippery. Directly behind the Siegler car and trailer, the plaintiff Stratton was operating his 1961 Comet in the westerly or right-hand lane of route 91. Behind the plaintiff and in the same lane, the named defendant was operating a 1960 Chevrolet station wagon owned by his father, the defendant William Caffyn. The plaintiff attempted to pass the Siegler car by turning into the left or easterly lane of the southbound lanes. He did not signal his intention so to do. The front of the plaintiff's car had completely passed the Siegler trailer when the defendants' car, traveling at a fast speed, tried to pass to the left of the plaintiff's car and in so doing struck its left side, causing it to strike, in turn, the left side of the Siegler car. The trailer and boat being towed by the Siegler car were not struck and were not damaged.

Siegler brought suit against both the plaintiff and the defendants herein, which suit was tried with the instant case. In the Siegler suit, the court found both the plaintiff herein and the defendants herein negligent and awarded judgment to Siegler. In the case before us, the court concluded that the named defendant was negligent, that his negligence was the proximate cause of the property damage and personal injuries, and that such negligence was attributable to the defendant William Caffyn under the family car doctrine.

The basic issue in this appeal is whether the court, having found negligence on the part of the plaintiff herein in the Siegler case, could fail to find negligence on his part in the case at bar.

The defendant argues that the court, having found the plaintiff herein negligent in the Siegler case in failing to signal his intention to change

lanes and that such negligence was a proximate cause of the damage to the Siegler vehicle, must necessarily find him contributorily negligent in the instant case by reason of having placed himself in a position to be struck by the Caffyn car. The trial court, on the facts found in this case, concluded that the named defendant was negligent in failing to signal his intention to pass to the left of plaintiff's car and in following his car too closely. There is no doubt that both the plaintiff and the defendant had been negligent as a matter of law in violating the respective statutes. *Butler* v. *Hyperion Theatre Co.,* 100 Conn. 551, 559. It does not necessarily follow, however, that the fact of the plaintiff's negligence in the Siegler case would bar his recovery in the instant case. It is important to bear in mind that these two actions are separate and distinct, involving two separate acts of negligence. While the fault of Stratton and the fault of Caffyn concurred as the proximate cause of the damage to the Siegler car, it cannot be said as a matter of law that the concurrence of the same acts of negligence made the plaintiff herein contributorily negligent. See *Bartram* v. *Sharon,* 71 Conn. 686, 688, 690. If the respective faults of the plaintiff and the defendants are equivalent, there can be no recovery. "In pari delicto, potior est conditio defendentis." The negligence that bars a recovery must contribute "materially and essentially as well as directly . . . to the injury." *Stickney* v. *Epstein,* 100 Conn. 170, 175. A plaintiff's negligence must have been "a substantial factor in producing" the result, to bar his recovery. *Kinderavich* v. *Palmer,* 127 Conn. 85, 92. "Nor will relief to the plaintiff be defeated where, though he has been negligent, the defendant introduces into the situation a new and independent act of negligence which supersedes that of the plaintiff and becomes the sole proximate cause of the accident."

Id., 96; see also *Mahoney* v. *Beatman,* 110 Conn. 184, 195.

The trial court refused to correct its finding by striking out so much thereof as found that the front of plaintiff's car had completely passed the Siegler trailer when the Caffyn car, traveling at high speed, tried to pass to the left of the plaintiff's car and struck its left side, causing it to hit the Siegler car, and by adding a finding that the plaintiff's car proceeded into the left-hand lane in the path of the Caffyn car, thus causing the collision. As there is evidence to support the court's finding of the facts sought to be stricken, and as the fact sought to be added was neither admitted nor undisputed, the finding cannot be corrected. While the negligence of the plaintiff was a contributing factor as respects Siegler, vis-a-vis the defendants it had ceased to exist and had been superseded by their negligence. Whether the plaintiff's negligence amounted to a substantial factor in causing his injuries and the damage to his car was under the circumstances a matter of fact for the trial court to determine. *Kinderavich* v. *Palmer,* supra. On the facts of this case, we cannot say that the court's conclusions are erroneous.

There is no error.

In this opinion KOSICKI and JACOBS, Js., concurred.